SHOEDER'S AUTO CENTER, INC., a Wisconsin corporation, Plaintiff-Respondent,

v.

Thomas M. TESCHNER, Defendant-Appellant.

Court of Appeals

*No. 91–1579. Submitted on briefs November 18, 1991.—Decided December 17, 1991.*

(Also reported in 479 N.W.2d 203.)

On behalf of the appellant, the cause was submitted on the briefs of *Frederick J. Voss,* of Rhinelander.

On behalf of the respondent, the cause was submitted on the brief of *Timothy L. Vocke,* of *Vocke Law Office,* of Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Thomas Teschner appeals a deficiency judgment against him based on his default on an installment contract he entered into for the purchase of a car. He alleges that the trial court erred by awarding a deficiency judgment in favor of Shoeder's Auto Center, Inc., because Shoeder's did not prove that it disposed of the car pursuant to sec. 425.209(1), Stats. We conclude that under sec. 425.209(1), a merchant must dispose of the goods before it is entitled to a deficiency judgment. Because Shoeder's did not prove this element we reverse the trial court's judgment.

Teschner purchased a used car from Shoeder's for $10,925.28 on an installment contract. After making nine payments totaling $2,048.49, Teschner returned the car in a damaged condition to Shoeder's lot and abandoned it there. Teschner made no further payments on the car and Shoeder's sued Teschner to recover the unpaid purchase price of the car. The trial court entered a deficiency judgment against Teschner. It is this judgment that Teschner appeals.

Section 425.209(1), Stats., states that "a customer is not liable for a deficiency unless the merchant has disposed of the goods in good faith and in a commercially reasonable manner." Teschner argues that because Shoeder's did not dispose of the car, it is not entitled to a deficiency judgment. Shoeder's responds that a merchant's failure to dispose of the goods is an affirmative defense, and because Teschner did not raise it in his pleadings he cannot raise it now on appeal.

Whether a merchant must prove as part of its prima facie case that it disposed of the goods prior to obtaining a deficiency judgment involves the interpretation of the Wisconsin Consumer Act. Statutory interpretation is a question of law that we review without deference to the trial court. *Grosskopf Oil, Inc. v. Winter,* 156 Wis. 2d 575, 582, 457 N.W.2d 514, 517 (Ct. App. 1990).

Shoeder's does not provide us with any legal authority for the proposition that the failure to dispose of the goods as required under sec. 425.209(1), Stats., is an affirmative defense. Based on the language and purpose of the Act, we conclude that it is the merchant's duty to prove as part of its prima facie case that it disposed of the goods in a commercially reasonable manner before it is entitled to recover a deficiency judgment. Because Shoeder's did not prove this element of its prima facie case, the court erred by entering judgment in Shoeder's favor.

Shoeder's does not dispute that the Act applies to the transaction at issue in this case. At trial Shoeder's argued, and apparently the trial court believed, that sec. 425.209(1), Stats., did not apply because the goods were damaged. However, Shoeder's has abandoned this position on appeal.

Section 425.109(1), Stats., lists the requirements of a complaint by a creditor to enforce any cause of action arising from a consumer credit transaction. Subsection (f) requires the creditor to plead:

> [T]he estimated dollar amount of any deficiency claim which may be available to the creditor *following the disposition of any collateral recovered* subject to the limitations of s. 425.209 or which the creditor seeks to recover and which the creditor intends to

assert subject to the limitations of s. 425.210 if the customer fails to redeem the collateral. (Emphasis supplied.)

Subsection (3) further provides that "[a] judgment may not be entered upon a complaint which fails to comply with this section." Based on this language, we conclude that it is Shoeder's obligation to prove that it disposed of the goods before it is entitled to a deficiency judgment. Because Shoeder's had not disposed of the vehicle, it was not entitled to a deficiency judgment.

The Act was enacted in large part to protect the defaulting customer from "unfair, deceptive, false, misleading and unconscionable practices by merchants"; sec. 421.102(2)(b), Stats., and "[t]o permit and encourage the development of fair and economically sound consumer practices in consumer transactions." Section 421.102(2)(c), Stats. The legislature further directs us in sec. 421.102(1) to liberally construe the Act to promote its underlying purposes and policies. Our conclusion that Shoeder's must prove that it disposed of the goods as part of its prima facie case is consistent with these purposes and policies.

Based on the foregoing, we reverse the judgment and remand the cause to the trial court to determine whether Teschner is entitled to reasonable attorney fees pursuant to sec. 425.308, Stats., and if so, in what amount.

*By the Court.*—Judgment reversed and cause remanded with directions.