Household Finance Corporation, a Foreign Corporation, Plaintiff-Respondent,†

v.

Gail M. Kohl, Defendant-Appellant.

Court of Appeals

*No. 91–2382. Submitted on briefs June 24, 1992.—Decided January 14, 1993.*

(Also reported in — N.W.2d —.)

For the defendant-appellant the cause was submitted on the briefs of *Timothy O. Kohl* of Spring Green.

For the plaintiff-respondent the cause was submitted on the briefs of *Michael E. Grubb* and *David G. Anderson, Jr.* of *Brennan, Steil, Basting & MacDougall, S.C.* of Janesville.

---

†Petition to review denied.

---

798

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. Gail M. Kohl appeals from a $4,208.26 judgment entered August 20, 1991, in favor of Household Finance Corporation (HFC). On November 30, 1985, Kohl and her husband entered into an agreement for the purchase of merchandise on credit through American TV of Madison. On the same day, her husband purchased a computer from American TV on credit in accordance with the terms of the agreement.

American TV assigned its rights under the credit agreement to the plaintiff, Household Finance Corporation. The amended complaint alleges that: "As of March 19, 1991, there remains due and owing by defendant to plaintiff the principal sum of $2,157.30 plus accrued interest of $1,386.27 for a total indebtedness of $3,543.57. Interest will continue to accrue after March 19, 1991[,] at the rate of $1.06 per day." The trial court entered judgment for HFC and Kohl appeals. She contends that HFC's amended complaint does not comply with sec. 425.109(1)(d) , Stats., and therefore the trial court erred in entering judgment on the amended complaint. We agree and reverse.

Section 425.109, Stats., provides in part:

> (1)   A complaint by a creditor to enforce any cause of action arising from a consumer credit transaction shall include all of the following:
>
>  . . ..
>
> (d)   The actual or estimated amount of U.S. dollars or of a named foreign currency that the creditor alleges he or she is entitled to recover and *the figures necessary for computation of the amount,* including any amount received from the sale of any collateral.
>
>  . . ..

 (3) A judgment may not be entered upon a complaint which fails to comply with this section. [Emphasis added.]

HFC argues that "[a] stated amount owed as of a specific date with a per diem interest figure for each day thereafter is a clear and concise statement of the amount claimed." It contends "[t]he clear purpose of Sec. 425.109 is to provide the consumer with adequate notice of the debt which he or she is alleged to owe the creditor." HFC further argues that Kohl had "all manner of discovery" available to her if she disagreed with the amount claimed or the method of computation. It also claims that requiring more detailed information in the complaint would conflict with ch. 802, Stats., and its less stringent requirements of notice pleading.

 Section 425.109, Stats., is contained in the Wisconsin Consumer Act (WCA). The legislative history of that act reveals that the legislature intended to "protect[ ] the consumer in a manner not inconsistent with the continuation of a realistic credit economy." Crandall, *The Wisconsin Consumer Act: Wisconsin Consumer Credit Laws Before and After,* 1973 WIS. L. REV. 334, 335 (1973). One commentator described the Wisconsin Consumer Act as "probably the most sweeping consumer credit legislation yet enacted in any state." Heiser, *Wisconsin Consumer Act — A Critical Analysis,* 57 MARQ. L. REV. 389, 389 (1974). The drafters of the WCA studied the Uniform Consumer Credit Code (the "U3C"). *Id.* at 390 n.2. Some portions of the WCA find counterparts in provisions of the U3C. In their prefatory note to the 1974 U3C the commissioners state: "In 1972 Wisconsin enacted similar legislation based on the U3C and the National Consumer Act." 7A UNIFORM LAWS ANNOTATED, *Prefatory Note, Uniform Consumer Credit Code, 1974 Act,* at 2 (1985 & Supp. 1992).

The 1968 U3C did not contain a provision similar to sec. 425.109, Stats. In the 1974 act, however, sec. 5.114(1) was created, which reads: "In an action brought by a creditor against a consumer arising from a consumer credit transaction, the complaint shall allege the facts of the consumer's default, the amount to which the creditor is entitled, *and an indication of how that amount was determined.*" (Emphasis added.) In their prefatory note to the 1974 act, the commissioners explain that experience in the states which had enacted the code "turned up a few unforeseen problems of the kind that come to light only after a law has been in effect." UNIFORM LAWS ANNOTATED, *Prefatory Note, Uniform Consumer Credit Code,* 1974 Act, at 2. One of those problems was dealt with by "specify[ing] what a creditor's petition or complaint must contain to establish his claim." *Id.* at 10.

It would be contrary to the philosophy of the WCA to conclude that HFC's complaint is sufficient because it meets the requirements of notice pleadings under the Wisconsin Rules of Civil Procedure. The philosophy of the WCA is to give as much notice to consumers as is consistent with "a realistic credit economy." Consumers are not to be forced to conduct expensive and time-consuming discovery to learn how the creditor computed the amount due. Section 425.109(1)(d), Stats., requires that the complaint contain the figures necessary for the debtor to compute how the creditor arrived at the amount claimed to be due.

Heiser states that "the WCA does provide comprehensive protection against those practices which national consumer groups have long deemed most oppressive." 57 MARQ. L. REV. at 481. Section 425.109, Stats., represents an attempt by the legislature to provide the debtor who is sued by a creditor on a default

arising from a consumer credit transaction with all the information necessary to compute how the creditor arrived at the amount claimed.

In this case, HFC tacitly acknowledged that its complaint did not contain all the information that Kohl needed to determine how HFC arrived at the amount due. HFC introduced at trial the following exhibit showing the outstanding balance on the date of purchase of the computer, the finance charges, and the payments made on the balance:

INDEBTEDNESS OWED TO HFC

| DATE | DESCRIPTION | AMOUNT | OUTSTANDING BALANCE |
|------|-------------|--------|---------------------|
| 11/30/85 | Purchase of Computer | | $2,879.42 |
| 2/3/86 | Finance Charges | $43.19 | $2,922.61 |
| 3/3/86 | Finance Charges | 43.83 | $2,966.44 |
| 4/3/86 | Finance Charges | 44.49 | $3,010.93 |
| 5/3/86 | Finance Charges | 43.81 | $3,054.74 |
| 5/3/86 | Payment | (100.00) | $2,954.74 |
| 5/19/86 | Payment | (200.00) | $2,754.74 |
| 6/3/86 | Finance Charges | 42.77 | $2,797.51 |
| 6/2/86 | Payment | (100.00) | $2,697.51 |
| 7/3/86 | Finance Charges | 41.31 | $2,738.82 |
| 8/3/86 | Finance Charges | 41.08 | $2,779.90 |
| 8/18/86 | Payment | (100.00) | $2,679.90 |
| 9/3/86 | Finance Charges | 40.87 | $2,720.77 |
| 10/3/86 | Finance Charges | 40.81 | $2,761.58 |
| 11/3/86 | Finance Charges | 41.42 | $2,803.00 |
| 12/3/86 to 1/6/87 | Finance Charges (34 days @ $1.38/day) | 46.92 | $2,849.92 |
| 1/6/87 | Payment | (100.00) | $2,749.92 |
| 1/6/87 to 2/25/87 | Finance Charges (50 days @ $1.36/day) | 68.00 | $2,817.92 |
| 2/25/87 | Payment | (700.00) | $2,117.92 |
| 2/25/87 to 5/2/91 | Finance Charges (1,526 days @ $1.04/day) | 1,587.04 | $3,704.96 |
| 5/2/91 to 8/5/91 | Finance Charges (95 days @ $1.04/day) | $98.80 | $3,803.76 |

We conclude that HFC's amended complaint was deficient under sec. 425.109(1)(d), Stats., in failing to include the figures necessary for Kohl to compute the

amount due. Under sec. 425.109(3), Stats., the trial court could not enter judgment on the amended complaint. On remand, the trial court must therefore grant Kohl's motion to dismiss the deficient complaint.[1]

*By the Court.*—Judgment reversed and cause remanded with directions.

[1] After the release of this opinion, HFC filed a request for reconsideration in which HFC argued that this court's direction to the trial court to dismiss its complaint without leave to amend "yield[s] a needlessly harsh result." HFC asked this court to direct the trial court to grant leave to HFC to amend its complaint. HFC's request assumes that we have directed the trial court to dismiss the amended complaint with prejudice. Our opinion does not address that question. We decline to consider whether an amendment is appropriate under sec. 802.09(1), Stats. Further proceedings, if any, should be pursued in the trial court.