BANK ONE, NA f/k/a Bank One Milwaukee, NA,
Plaintiff-Respondent,

v.

Christian C. OFOJEBE,
Defendant,

Jacqueline L. OFOJEBE,
Defendant-Appellant,

Sharona HARDY,
Defendant.

Court of Appeals

*No. 2004AP902. Submitted on briefs May 4, 2005.
—Decided June 1, 2005.*

2005 WI App 151

(Also reported in 702 N.W.2d 456.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jeffery R. Myer*, of *Legal Action of Wisconsin, Inc.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jennifer J. Hoffman*, of *Bass & Moglowsky*, of Milwaukee.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J.   Jacqueline L. Ofojebe appeals from a summary judgment granting foreclosure on her house to Bank One, NA f/k/a Bank One Milwaukee, NA. Ofojebe contends that the trial court erred because Bank One's complaint did not comply with the pleading requirements of the Wisconsin Consumer Act, WIS. STAT. § 425.109. We agree and reverse with directions to the trial court to dismiss the complaint without prejudice. Ofojebe also claims that the trial court erred because genuine issues of material fact exist as to whether Bank One properly assessed late fees and charged her for insurance. In light of our resolution of the first claim of error, we will not discuss the remaining issues. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

## I.

¶ 2.   On September 16, 1995, Jacqueline Ofojebe and her husband, Christian Ofojebe, executed with Bank One:   (1) a ten-year Bank One Home Equity Line of Credit Agreement, and (2) a Mortgage. The Credit Agreement had a five-year "draw period" during which the Ofojebes could obtain credit advances up to a

$14,548.00 limit. During the first five years, the Ofojebes were also required to make regular monthly installment payments based on one percent of the outstanding balance or the finance charge accrued for that month, whichever was greater. The five-year "draw period" was followed by a five-year "repayment period" during which the Ofojebes were required to make 120 regular equal monthly payments based on an amortization of the balance due.

¶ 3. Jacqueline and Christian Ofojebe divorced in 1997. After the divorce, Jacqueline Ofojebe continued to make installment payments to Bank One. In 2001, Bank One sought foreclosure, alleging that the Ofojebes had defaulted on the Credit Agreement. *See* Wis. Stat. § 846.101. On January 10, 2003, the trial court dismissed the case, concluding that Bank One had not provided "sufficient, credible and reliable evidence upon which [it] could find that" Jacqueline Ofojebe had outstanding payments.

¶ 4. Jacqueline Ofojebe did not make any payments on the Credit Agreement after the trial court's January 10, 2003 ruling. Bank One commenced the current foreclosure action on June 10, 2003. It alleged that the Ofojebes had defaulted on the Credit Agreement and, as a result, the Ofojebes owed $13,945.56, plus interest. Jacqueline Ofojebe, who had filed her first answer *pro se,* retained counsel and filed an amended answer and a counterclaim.[1] Bank One then moved for summary judgment.

---

[1] After Bank One and the trial court learned that the Ofojebes were divorced, Christian Ofojebe was dismissed from the case. Bank One then amended its complaint and served Christian Ofojebe. A default judgment of foreclosure was entered against Christian Ofojebe on May 17, 2004. He is not a party to this appeal.

¶ 5. The trial court granted Bank One partial summary judgment, concluding that Jacqueline Ofojebe was in default because no one disputed that she had not made any payments since the beginning of the first foreclosure action in 2001. It then ordered Bank One to submit an evidentiary affidavit describing how it had calculated its balance, and provided Jacqueline Ofojebe with an opportunity to respond.

¶ 6. After additional briefing from both parties, the trial court found that Jacqueline Ofojebe had not presented any evidence disputing the balance submitted by Bank One, dismissed Jacqueline Ofojebe's counterclaim, and granted Bank One a judgment of foreclosure for $15,606.01.

## II.

■

¶ 7. As we have seen, this case was decided on summary judgment. Thus, our review is *de novo,* and we apply the same methodology as did the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987).

> Under that methodology, the court first examines the pleadings to determine whether claims have been stated and a material issue presented. If the complaint states a claim and the pleadings show the existence of factual issues, the court examines the moving party's affidavits or other evidence for evidentiary facts admissible in evidence or other proof to determine whether that party has made a *prima facie* case for summary judgment. If the moving party made a *prima facie* case, the court examines the opposing party's affidavits for evidentiary facts or other proof to determine whether a genuine issue exists as to any material fact, or reason-

able conflicting inferences may be drawn from the undisputed facts, and therefore a trial is necessary.

*State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 511, 383 N.W.2d 916, 917 (Ct. App. 1986). When considering the sufficiency of the complaint on summary judgment, we look to the same principles that govern a motion to dismiss for the failure to state a claim: "we will grant the motion only if, taking the pleaded facts as true and construing the allegations liberally, giving the plaintiff the benefit of all inferences, it is quite clear that under no conditions can the plaintiff prevail." *Magnum Radio, Inc. v. Brieske*, 217 Wis. 2d 130, 136, 577 N.W.2d 377, 379 (Ct. App. 1998) (quoted source and internal quotation marks omitted).

¶ 8.   Jacqueline Ofojebe claims that Bank One failed to make a *prima facie* case for summary judgment because its complaint did not comply with WIS. STAT. § 425.109. Section 425.109 governs pleadings in consumer credit transactions and provides, as material:

> **Pleadings. (1)** A complaint by a creditor to enforce any cause of action arising from a consumer credit transaction shall include all of the following:
>
> . . . .
>
> (d) The actual or estimated amount of U.S. dollars or of a named foreign currency that the creditor alleges he or she is entitled to recover and *the figures necessary for computation of the amount,* including any amount received from the sale of any collateral.
>
> . . . .
>
> **(3)** A judgment may not be entered upon a complaint which fails to comply with this section.

(Emphasis added.) Jacqueline Ofojebe contends that Bank One's complaint is insufficient because it did not include the figures necessary to compute the amount Bank One alleged was due. Bank One does not address the merits of this allegation. Rather, it contends that Jacqueline Ofojebe waived this contention, pointing out that the defense of failure to state a claim upon which relief can be granted is an affirmative defense that cannot be raised for the first time on appeal. *See Oetzman v. Ahrens*, 145 Wis. 2d 560, 571, 427 N.W.2d 421, 426 (Ct. App. 1988) (affirmative defense waived if not raised in pleadings); Wis. Stat. Rule 802.06(2)(a)6 (failure to state a claim upon which relief can be granted). We disagree.

¶ 9.    Bank One's argument that Jacqueline Ofojebe waived her contention that its complaint did not comply with Wis. Stat. § 425.109 presents us with a question of statutory interpretation. As with our *de novo* review of summary-judgment determinations, we review *de novo* a trial court's application of statutes to facts that are not contested. *See State v. Wilson*, 170 Wis. 2d 720, 722, 490 N.W.2d 48, 50 (Ct. App. 1992), *denial of habeas corpus aff'd, Wilson v. McCaughtry*, 994 F.2d 1228 (7th Cir. 1993). We have recently recognized:

> Application of statutes requires that we "faithfully give effect to the laws enacted by the legislature." In doing so, "[w]e assume that the legislature's intent is expressed in the statutory language." If that language is clear, we apply it as it reads because the words used by the legislature are the best evidence of its intent.

*State v. Swiams*, 2004 WI App 217, ¶ 5, 277 Wis. 2d 400, 404–405, 690 N.W.2d 452, 454 (citations and quoted sources omitted).

¶ 10.  As we have seen, Wis. Stat. § 425.109(3) by its plain language bars entry of judgment if the pleading requirements of § 425.109(1) are not met:  "A judgment may not be entered upon a complaint which fails to comply with this section." Bank One thus had *to supply in its complaint* the figures necessary for the computation of the amount Jacqueline Ofojebe allegedly owed. *See Shoeder's Auto Ctr., Inc. v. Teschner*, 166 Wis. 2d 198, 200–201, 479 N.W.2d 203, 204 (Ct. App. 1991) (reviewing sufficiency of complaint under § 425.109 despite allegation of waiver); *see also* Wis. Stat. § 421.102 (liberal construction of Wisconsin Consumer Act). The statute is self-executing. *Cf. Ibrahim v. Samore*, 118 Wis. 2d 720, 726, 348 N.W.2d 554, 557–558 (1984) (failure to comply with Wis. Stat. § 893.82 "is not waived by a failure to plead it as an affirmative defense"); *see Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 23 n.5, 273 Wis. 2d 76, 93–94 n.5, 681 N.W.2d 190, 198 n.5 (discussion of *Ibrahim* and arguably inconsistent cases). We thus turn to the sufficiency of the allegations in Bank One's complaint.

¶ 11.  As material, Bank One's complaint alleged:  "Plaintiff is the holder of the Note and Mortgage, and there is due to the plaintiff the sum of $13,945.56 as of June 30, 2003, plus accrued interest to the date of entry of judgment." The complaint attached copies of:  (1) the Bank One Home Equity Line of Credit Agreement, and (2) the Mortgage. The Credit Agreement provided that the date of the loan was September 16, 1995, and the maximum credit limit was $14,548.00. This complaint does not comply with Wis. Stat. § 425.109(1)(d). *See Household Fin. Corp. v. Kohl*, 173 Wis. 2d 798, 799, 802–803, 496 N.W.2d 708, 709, 710–711 (Ct. App. 1993) (complaint that listed amount

owed on specific days and per diem interest statement, but had no record of payments, did not meet requirement that creditor provide figures necessary to calculate amount due). Under § 425.109, judgment may not be entered on a complaint that does not comply with the statute. Accordingly, we reverse and remand to the trial court with directions to dismiss Bank One's complaint without prejudice.

*By the Court.*—Judgment reversed and cause remanded with directions.