The ESTATE OF Steven R. NEWGARD, by its Personal
Representative, Thomas Newgard, Appellant,

v.

BANK OF AMERICA and Discover Financial Services,
Respondents.

Court of Appeals

*No. 2007AP82-FT. Submitted on briefs March 29, 2007.
—Decided May 15, 2007.*

2007 WI App 161

(Also reported in 735 N.W.2d 578.)

466

On behalf of the appellant, the cause was submitted on the briefs of *Heather M. Hunt* of *Wiley Law Office, S.C.*, Chippewa Falls.

On behalf of the respondent, the cause was submitted on the brief of *Chelsea A. Whitley* of *Balogh Becker, Ltd.*, Minneapolis.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. The Estate of Steven Newgard appeals an order allowing claims by Bank of America and Discover Financial Services (collectively, the Banks) against the Estate.[1] The Estate argues the claims are barred under the Wisconsin Consumer Act to the extent that the records provided by the Banks did not show the individual transactions that made up the decedent's closing balance. We agree, reverse the order, and direct that on remand the court shall disallow the claims to the extent they are based on transactions not shown in the records provided.

### BACKGROUND

¶ 2. Steven Newgard died testate on March 13, 2006. His brother, Thomas Newgard, was appointed personal representative. August 14 was the deadline for claims against the Estate.

¶ 3. Bank of America made two claims against the Estate, one for $12,073.09 and one for $13,677.10. Discover Financial made one claim for $13,532.62. The Estate objected to all three claims. In response, the Banks provided a number of statements for the accounts. The statements covered approximately one year of activity on each account.[2]

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[2] The Bank of America records covered transactions billed from January 2005 through December 2005 on one account and

¶ 4. After receiving the records, the Estate limited its objection to the amount of charges it believed were due to transactions that took place prior to the statements provided by the Banks.[3] This left contested balances of $12,237.71 and $7,432.79 respectively for the Bank of America accounts and $11,838.98 for the Discover Financial account. The Estate argued the Wisconsin Consumer Act prohibited the Banks from recovering amounts attributable to these earlier charges absent writings showing the individual charges. *See* WIS. STAT. § 425.109(2).

¶ 5. The Banks did not challenge the Estate's calculation of the amounts attributable to earlier charges. Instead, they argued the Wisconsin Consumer Act did not apply, the debts were enforceable under an "account stated" theory, and pursuant to the card agreements the decedent had agreed the charges were legitimate by failing to contest them within sixty days. The circuit court agreed and allowed the claims in full.

## DISCUSSION

¶ 6. The meaning of a statute and its application to undisputed facts is a question of law. *Bank One, NA v. Ofojebe*, 2005 WI App 151, ¶ 9, 284 Wis. 2d 510, 516, 702 N.W.2d 456. When interpreting statutes, we begin with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. That language is given its common, ordinary, and accepted meaning. *Id.* We interpret the language of the statute in the context in which

transactions billed from March 2005 through December 2005 on the other. The Discover Financial records covered transactions billed from January 2005 through January 2006.

[3] The Estate calculated that amount by subtracting the previous balance shown on the earliest dated statement from the ending balance on the account.

it is used, in relation to the language of surrounding or closely related statutes, and in a way that avoids absurd results. *See id.*, ¶ 46.

¶ 7. The parties disagree on the meaning of WIS. STAT. § 425.109. Section 425.109 is part of the Wisconsin Consumer Act and applies to any claim by a creditor arising from a consumer credit transaction. WIS. STAT. § 425.109(1). The parties' dispute centers on § 425.109(2):

> Upon the written request of the customer, the creditor shall submit accurate copies to the court and the customer of writings evidencing any transaction pursuant to an open-end credit plan upon which the creditor's claim is made and judgment may not be entered for the creditor unless the creditor does so.

¶ 8. The Banks concede the credit card transactions were "consumer credit transactions," the decedent was a "customer," the Banks are "creditors," the credit card agreements are "an open-end credit plan," and the Estate, through the personal representative, has the right to enforce the decedent's Wisconsin Consumer Act rights against the Banks. *See State v. Alexander*, 2005 WI App 231, ¶ 15, 287 Wis. 2d 645, 706 N.W.2d 191 (arguments not refuted are deemed admitted); *see also* WIS. STAT. §§ 421.301(10), (16), (17), (27); *Milwaukee County v. Walther*, 66 Wis. 2d 535, 539, 225 N.W.2d 644 (1975). The only remaining question under the statute, then, is whether the Banks have provided "writings evidencing any transaction . . . upon which [their] claim is made." WIS. STAT. § 425.109(2). We conclude they have not.

¶ 9. The Banks first argue that when a creditor seeks to collect a debt derived from more than one transaction, the statute is satisfied as long as the creditor produces writings showing "any" of those trans-

470

actions. They contend that had the legislature intended otherwise, it would have used the word "all" instead of "any" to describe the creditor's obligation. The Estate argues the statute requires the Banks to document "any transaction" they wish to collect.

¶ 10. We agree with the Estate. One purpose of the Consumer Act is to allow consumers to evaluate claims against them without the need to conduct expensive and time-consuming discovery. *Household Fin. Corp. v. Kohl*, 173 Wis. 2d 798, 801, 496 N.W.2d 708 (Ct. App. 1993). Consistent with this purpose, WIS. STAT. § 425.109(1)(h) requires most creditors to attach "the writings, if any, evidencing the transaction" to their complaint. However, creditors on open-end credit plans may submit the required documentation if and when the customer requests it in writing. WIS. STAT. §§ 425.109(1)(h), (2).

¶ 11. Under the Banks' proposed interpretation, proof of a single five dollar charge would be adequate to prove a $10,000 debt. This is not consistent with the Consumer Act's intent to allow consumers to evaluate creditors' claims with minimal discovery. *Kohl*, 173 Wis. 2d at 801. It also is not consistent with WIS. STAT. § 425.109(1)(h). If creditors on open-end credit plans needed only provide evidence of a single transaction, there would be no need to give them extra time to gather necessary records of the transactions involved. We also note that the word "any" is consistent with surrounding statutory language allowing creditors to recover on whatever transactions they can prove in writing. The word "all" would have required creditors to prove all transactions in writing in order to recover anything.

471

¶ 12. Next, the Banks argue they need not provide evidence of back transactions because they have a valid claim for an "account stated." A claim for "account stated" is essentially a contract claim seeking to enforce an agreement to settle a disputed debt. *Onalaska Elec. Htg., Inc. v. Schaller*, 94 Wis. 2d 493, 499–500, 288 N.W.2d 829 (1980). In order to prove an account stated, a party must prove: (1) an agreement as to a balance due on a disputed claim was reached; (2) one party promised to pay the balance; and (3) the balance remains unpaid. *Id.* at 500. The Banks contend a claim for account stated exists here because the decedent never objected to any of the charges on his credit card within sixty days, as was required by the card agreement.

¶ 13. The Banks' argument is based on a misunderstanding of the function of the Consumer Act. The Consumer Act provides procedural protections that apply regardless of the legal theory of the underlying claim. For example, in *Kohl* the creditor filed a complaint that did not include the figures necessary to compute the amount due, as required under WIS. STAT. § 425.109(1)(d). *Kohl*, 173 Wis. 2d at 802–03. Even though the creditor's complaint stated a claim for breach of contract, we ordered the complaint dismissed because the statute specifically prohibits the court from entering judgment on a complaint that did not include the specified information. *Id.* at 800, 802–03; WIS. STAT. § 425.109(3).

¶ 14. The same rule applies here. WISCONSIN STAT. § 425.109(2) states that "judgment may not be entered for the creditor" unless the creditor provides "writings evidencing any transaction . . . upon which the creditor's

472

claim is made . . . ." The Banks must comply with this section before judgment can be entered on their complaint, regardless of the legal theory of their underlying claims.

¶ 15. Finally, the Banks argue the Estate's interpretation is absurd because it allows the Banks' customers—especially longstanding customers with higher balances—to escape their obligations when the Banks purge old records. However, this interpretation is no less absurd than the Banks' proposition that they must retain almost no records at all. We also note that the length of time the Banks retain records is within the Banks' control, as is the Banks' method of payment allocation.[4] We see nothing absurd about requiring the Banks to retain the records of charges for which they wish to collect payment. On remand, the court shall disallow all claims by the Banks based on transactions not shown on the records submitted by the Banks.

*By the Court.*—Order reversed and cause remanded with directions.

---

[4] Here, the Estate calculated the disputed amounts by subtracting the carryover balance on the earliest statement from the ending balance on the last statement. This method assumes all payments made by the decedent between the two statements were allocated to new purchases rather than the old balance. Because the Banks have not objected, we assume they used this payment allocation method. However, if this is incorrect, the Banks may raise this issue on remand in order for the court to allow the correct amounts for the claims.