COURT OF APPEALS
DECISION
DATED AND FILED

June 12, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1248**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV434

IN COURT OF APPEALS
DISTRICT II

ADVOCATE CLAIM SERVICE, LLC,

PLAINTIFF-APPELLANT,

V.

STAZ INVESTMENTS, LLC,

DEFENDANT-RESPONDENT.

APPEAL from a judgment and order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Affirmed in part; reversed in part and cause remanded for further proceedings.*

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Advocate Claim Service, LLC ("ACS") appeals a circuit court judgment dismissing its amended complaint with prejudice for failing to state a claim upon which relief can be granted.  It also appeals an order denying its motion for reconsideration.  For the reasons explained below, we conclude the circuit court properly dismissed ACS's equitable claims for quantum meruit and unjust enrichment; however, we conclude ACS's remaining causes of action survive the dismissal motion.  We therefore affirm in part, reverse in part and remand for further proceedings.

## BACKGROUND

¶2    According to the amended complaint,[1] in November 2022, Staz Investments, LLC's ("Staz") commercial property was damaged in a fire.  On January 3, 2023, Staz entered into a contract with ACS to provide public adjuster services in relation to the fire.  ACS attached a copy of its contract to the amended complaint.  After the contract was signed, ACS worked on the insurance claim and client directives for "many dozens of hours."  The contract provided that Staz would pay ACS ten percent of the insurance proceeds.  At some point, the parties agreed ACS would cap its fee at $150,000 in exchange for a future credit of $10,000 in legal services.[2]

¶3    On February 18, 2023, Staz emailed ACS asking ACS to outline "the coverages from our policy that apply to our loss and the applicable values" and

---

[1] Because this is a review of a motion to dismiss, we take the facts from the amended complaint.  *See Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶18, 356 Wis. 2d 665, 676, 849 N.W.2d 693.

[2] Staz's owner is an attorney.

"[d]raft of our first-party claim." In response, ACS "reached out to [Staz] via phone and email, several times, asking for clarification of what was being sought." Two days later, on February 20, Staz emailed ACS, informing ACS that:

> Client has requested ACS deliver on the ACS contract and provide the adjusting services as outlined per Wisconsin Statute. ACS has failed to deliver the services to Client and is in default under the ACS contract. ACS shall take this email as written notice of its default.

¶4 On February 21, ACS, via counsel, wrote to Staz, disputing the default and suggesting that "it appeared as though Staz was trying to avoid paying the agreed upon fee."

¶5 According to the amended complaint, Staz collected $547,710.32 with ACS's assistance and that amount is subject to the ten-percent fee under the contract. ACS alleged that it was anticipated that Staz has or would receive another $207,196.70 that "ACS assisted in obtaining and for … which a fee is due for under the contract." ACS presented Staz with a bill pursuant to their contract to be paid in thirty days. Staz did not pay the bill within thirty days.

¶6 Ultimately, ACS brought suit against Staz. ACS's amended complaint included contractual based theories of recovery as well as causes of action for quantum meruit, unjust enrichment, and account stated.

¶7 In lieu of an answer, Staz moved to dismiss ACS's amended complaint. Staz argued ACS's breach-of-contract claims were insufficiently pled because: (1) the amended complaint failed to establish the existence of a valid contract between ACS and Staz; and (2) the amended complaint did not include allegations of the existence of a condition precedent needed to enforce the contract. Staz argued the equitable claims of quantum meruit and unjust

enrichment were unavailable to ACS because the legislature only permitted someone to perform public adjuster services with a written contract. Staz also argued ACS did not plead sufficient facts to establish a claim for account stated.

¶8 At a hearing on Staz's motion to dismiss, the circuit court determined the amended complaint failed to establish the existence of a valid contract. Specifically, the court observed there was no allegation in the complaint that ACS had complied with the notice requirement under WIS. STAT. § 629.04(5) (2021-22).[3] Section 629.04(5) requires a public adjuster to "include with the contract … a notice of the insured's right to file a complaint with the commissioner about an insurance problem." The court determined that because ACS's "contract needed to include this and it didn't … [,] this contract does not meet the legal requirements" and was void. Because the contract was void, the court concluded there was no basis under which ACS could recover, and it dismissed ACS's breach of contract claims against Staz.

¶9 The circuit court then dismissed ACS's other causes of action. The court observed that the legislature has only permitted someone to perform public adjuster services if there is a contract in place, *see* WIS. STAT. § 629.04(1), and as a result no common law claims could apply. The court reasoned, "[I]f there is no contract, [ACS] couldn't act as a public adjuster and without compliance with [§ 629.04](5), this contract is not legal and therefore not enforceable." The court entered an order dismissing Staz's claims with prejudice. ACS appeals.

---

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

## DISCUSSION

¶10    To provide context for the contract at issue in this case we begin with WIS. STAT. ch 629.  The legislature enacted ch. 629, titled "Public Adjusters" in 2019.  2019 Wis. Act 129.  Generally, a public adjuster is someone who acts on behalf of a policyholder, for compensation, in the filing and negotiating of a property insurance claim.  *See* WIS. STAT. § 629.01.  "A public adjuster may not perform any adjusting service for an insured prior to entering into a contract with the insured."  Sec. 629.04(1).

¶11    The legislature has outlined the requirements of a public adjuster contract.  WIS. STAT. § 629.04(1).  The contract "shall be in writing, be titled 'Public Adjuster Contract,' and be on a form filed with the commissioner."  *Id.* The contract shall include all of the following:

> (a) The public adjuster's full name, state of residence, permanent principal business street address, telephone number, and, if applicable, registration number assigned by the commissioner.

> (b) The insured's full name, street address, insurer name, and policy number.

> (c) A description of the loss and its location.

> (d) The date and time the contract was signed by the public adjuster and the insured.

> (e) An attestation by the public adjuster that he or she is fully bonded pursuant to state law.

> (f) A disclosure of the compensation the public adjuster is to receive in accordance with [WIS. STAT. §] 629.05.

> (g) A provision allowing the insured to void the contract in accordance with sub. (3).

> (h) A statement that the contract shall constitute the entire agreement between the public adjuster and the insured.

*Id.*

¶12     There are also certain things that the contract may not require an insured to do. *See* WIS. STAT. § 629.04(2). The insured has the option to void the contract "no later than 5 business days after the contract's execution." Sec. 629.04(3). The contract must be executed in duplicate with an original provided to the public adjuster and the insured. Sec. 629.04(4). Additionally, the public adjuster:

> shall include with the contract … a notice of the insured's right to file a complaint with the commissioner about an insurance problem. The notice shall be on a single piece of paper that is separate from the contract and shall include all of the following:
>
> (a) The information described in sub. (1)(a) [i.e., the public adjuster's full name, state of residence, permanent principal business street address, telephone number, and, if applicable, registration number assigned by the commissioner].
>
> (b) A clear statement of the insured's right to file a complaint.
>
> (c) Information on how the insured may obtain a complaint form by contacting the office of the commissioner or from the office's Internet site.
>
> (d) The office of the commissioner's mailing address and phone numbers and the address of the office's Internet site.

Sec. 629.04(5).

¶13     With that background, we turn to the amended complaint in this case and the review of the motion to dismiss that is currently before us. "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 676, 849 N.W.2d 693 (citation omitted). "When we review a motion to dismiss,

factual allegations in the complaint are accepted as true for purposes of our review." *Id.*, ¶18. "However, legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss." *Id.* A plaintiff must allege facts that, if true, plausibly suggest a violation of applicable law. *Id.*, ¶21.

¶14 Here, in broad strokes, ACS alleged it had a contract with Staz, Staz breached the contract, and ACS was entitled to damages. The circuit court granted Staz's motion to dismiss because ACS failed to plead sufficient facts in its amended complaint to establish it had a valid contract with Staz. It appears the circuit court determined ACS was required to plead factual compliance with every element of WIS. STAT. § 629.04 in order for its complaint to survive a motion to dismiss. Because ACS failed to plead that, when it delivered the contract to Staz, it also gave Staz notice of its right to file a complaint with the commissioner of insurance about an insurance problem—which it is required to do under WIS. STAT. § 629.04(5)—the circuit court determined ACS failed to establish the existence of a valid contract and the amended complaint needed to be dismissed.

¶15 We disagree with the circuit court's technical pleading requirement. Wisconsin is a notice-pleading state. *United Concrete & Const., Inc. v. Red-D-Mix Concrete, Inc.*, 2013 WI 72, ¶21, 349 Wis. 2d 587, 836 N.W.2d 807. "As a notice pleading state, Wisconsin law requires only that a complaint 'set forth the basic facts giving rise to the claims.'" *Id.* (citation omitted). "The purpose of a complaint in a notice pleading jurisdiction is to provide 'sufficient detail' such 'that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some basis for recovery.'" *Id.* (citation omitted). We conclude that, considering all of the facts that ACS alleges in its amended complaint as true, along with the reasonable inferences from those

7

allegations, *see **Data Key Partners***, 356 Wis. 2d 665, ¶19, the complaint satisfies the statutory standard as to the purported breach of contract theories of recovery.[4] We therefore reverse and remand the circuit court's dismissal order in this regard.[5]

¶16     However, we agree with the circuit court that the unjust enrichment and quantum meruit claims are legally insufficient to survive a motion to dismiss. "[R]ecovery for unjust enrichment is based upon the inequity of allowing the defendant to retain a benefit without paying for it, recovery in quantum meruit is based upon an implied contract to pay reasonable compensation for services rendered." ***Ramsey v. Ellis***, 168 Wis. 2d 779, 785, 484 N.W.2d 331 (1992). Here, the legislature has explicitly prohibited individuals from providing public adjuster

---

[4] In this case, ACS's "account stated" claim is a contract-based theory of recovery. *See **Newgard v. Bank of Am.***, 2007 WI App 161, ¶12, 303 Wis. 2d 466, 735 N.W.2d 578 ("A claim for 'account stated' is essentially a contract claim seeking to enforce an agreement to settle a disputed debt.").

[5] We reject Staz's alternative arguments of ways to affirm the circuit court's dismissal order. Staz acknowledges the circuit court rejected its alternative arguments. On appeal, Staz first argues the contract illegally requires Staz to make payment to ACS without ACS performing adjusting services and illegally states ACS will provide professional services as opposed to adjusting services. The circuit court rejected these arguments, concluding Staz's arguments were hypertechnical readings of the contract. We agree. Additionally, these arguments are inappropriate in the context of a motion to dismiss for failure to state a claim. *See **United Concrete & Const., Inc. v. Red-D-Mix Concrete, Inc.***, 2013 WI 72, ¶21, 349 Wis. 2d 587, 836 N.W.2d 807.

Staz also argues the amended complaint should be dismissed because it failed to allege that ACS:

> was performing adjusting services pursuant to "written client directives." Working on unspecified "client directives" as referenced in the amended complaint is not sufficient for alleging compliance with the ACS Contract.

We disagree. Again, we emphasize Wisconsin is a notice-pleading state. *See **id.*** The amended complaint was sufficient to put Staz on notice such that Staz could "obtain a fair idea of what the plaintiff is complaining, and can see that there is some basis for recovery." *See **id.***

services in Wisconsin without a contract. *See* WIS. STAT. § 629.04(1). By allowing ACS, or any other individual, to receive compensation for public adjuster services on an equitable theory instead of a contractual one, it would effectively nullify the legislature's decree that "A public adjuster may not perform any adjusting service for an insured prior to entering into a contract with an insured." *See* § 629.04(1). Given the legislature's pronouncement, there is no inherent inequity as a matter of law in denying payment for public adjuster services without a valid contract.

¶17    We anticipate that on remand the validity of the public adjuster contract will be challenged through a dispositive motion. Given the briefing that occurred in this case on appeal, we offer two points to assist the parties on remand. First, regardless of whether the Office of the Commissioner of Insurance approved the contract, nothing precludes the circuit court in this breach-of-contract case from determining whether the contract complies with the statutory requirements of WIS. STAT. § 629.04. The circuit court has subject matter jurisdiction in this case. Even if the contract came to the circuit court in the posture of a WIS. STAT. ch. 227 administrative review,[6] the agency's determination of whether the contract complied with § 629.04 is a question of law to which the circuit court would owe no deference to the agency. *See* WIS. STAT. § 227.57(11) ("[T]he court shall accord no deference to the agency's interpretation of law.").

¶18    Second, although we are limited to the pleadings in the context of this motion to dismiss, if discovery establishes that ACS did not deliver notice to

---

[6] We remind ACS that Staz is the *defendant* in this breach-of-contract action, not a plaintiff seeking a declaratory judgment in lieu of administrative review. *See **Nodell Inv. Corp. v. City of Glendale***, 78 Wis. 2d 416, 417, 254 N.W.2d 310 (1977).

Staz along with its executed contract as required by WIS. STAT. § 629.04(5), the parties and the circuit court will have to determine whether that failure is technical or material and the appropriate remedy.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.