Ada V. Mercado and Angela Terry,
Plaintiffs-Appellants,†

v.

GE Money Bank, Kohn Law Firm, S.C. and ABC
Companies, Defendants-Respondents.†

Court of Appeals

*No. 2008AP1992. Submitted on briefs March 3, 2009.
—Decided April 14, 2009.*

2009 WI App 73

(Also reported in 768 N.W.2d 53.)

† Petitions to review denied 9/24/09.

216

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Gary W. Thompson* of *Thompson Law Offices, S.C.*, of Milwaukee.

On behalf of the defendants-respondents Kohn Law Firm, S.C., the cause was submitted on the brief of *Paul R. Erickson* and *Kari H. Race* of *Gutglass, Erickson, Bonville and Larson, S.C.*, of Milwaukee.

On behalf of the defendant-respondent GE Money Bank, the cause was submitted on the brief of *William H. Harbeck* and *John C. Schaak* of *Quarles & Brady, LLP*, of Milwaukee.

Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. CURLEY, P.J. Ada Mercado and Angela Terry appeal from a judgment dismissing their action seeking class action status and asserting violations of the Wisconsin Consumer Act (WCA) against GE Money Bank (GE) and Kohn Law Firm, S.C. (Kohn). The alleged violations arose out of pleading defects in underlying small claims actions filed against them; namely, GE's purported failure to satisfy the disclosure requirements set forth in Wis. Stat. § 425.109(1)(h) (2005–06).[1]

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

The underlying small claims complaints against Mercado and Terry were filed in 2006. Wisconsin Stat. § 425.109 (2005–06) provides in relevant part:

> **Pleadings. (1)** A complaint by a creditor to enforce any cause of action arising from a consumer credit transaction shall include all of the following:

218

¶ 2. Mercado and Terry argue that WCA procedural errors can form the basis for substantive claims and that judgments taken in violation of WIS. STAT. § 425.109(3) (2005–06) should be declared void. We conclude: (1) Mercado and Terry's failure to follow the statutory procedure set forth in WIS. STAT. § 799.29 precludes them from collaterally attacking the default judgments entered against them here; and (2) the default judgments are not void. As such, we affirm the trial court's order dismissing Mercado and Terry's amended complaint, albeit on other grounds.[2] *See State v. Holt*, 128 Wis. 2d 110, 124–25, 382 N.W.2d 679 (Ct. App. 1985) (We may affirm a trial court's decision on other grounds even if we do not agree with its reasoning.). Consequently, we do not resolve whether Mercado and Terry can assert independent claims under the WCA based on the alleged violation of § 425.109(1)(h). *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (unnecessary to decide nondispositive issues).

. . . .

(h) An accurate copy of the writings, if any, evidencing the transaction, except that with respect to claims arising under open-end credit plans, a statement that the creditor will submit accurate copies of the writings evidencing the customer's obligation to the court and the customer upon receipt of the customer's written request therefor on or before the return date or the date on which the customer's answer is due.

. . . .

(3) A judgment may not be entered upon a complaint which fails to comply with this section.

[2] The trial court concluded that pleading deficiencies under WIS. STAT. § 425.109(1)(h) could not form the basis for a substantive claim, pursuant to *Rsidue, L.L.C. v. Michaud*, 2006 WI App 164, ¶ 19, 295 Wis. 2d 585, 721 N.W.2d 718, and that Mercado and Terry's claims were barred because they failed to take action under WIS. STAT. § 806.07. *See infra* ¶ 7.

## I. BACKGROUND.

¶ 3. This case arises out of two underlying small claims collection actions. On August 28, 2006, Kohn, on behalf of GE, filed a small claims complaint against Mercado to recover amounts charged to a credit card financed by GE. Attached to the complaint were monthly statements for credit extended, interest charges, late payment penalties, and payment credits. Mercado failed to appear or respond and a default judgment in the amount of $1507.62 was entered against her.

¶ 4. One month later, on September 18, 2006, Kohn, on behalf of GE, filed a separate small claims complaint against Terry to recover amounts charged to a credit card financed by GE. Again, attached to the complaint were monthly statements for credit extended, interest charges, late payment penalties, and payment credits. Terry, like Mercado, failed to appear or respond and a default judgment in the amount of $4291.46 was entered against her.

¶ 5. Following the entry of the small claims judgments against them, neither Mercado nor Terry sought relief from the judgments in small claims court. GE and Kohn proceeded to pursue postjudgment enforcement activities against them.[3]

---

[3] Mercado and Terry reference a separate suit filed by Kohn, on behalf of GE, against Antonio Chiarello on September 21, 2006. (Case No. 06–CV–9062.) *See generally Brandt v. LIRC*, 160 Wis. 2d 353, 363, 466 N.W.2d 673 (Ct. App. 1991) (holding that WIS. STAT. RULE 809.23(3) does not prohibit citation to trial court decisions, noting "the statutory scenario of chapter 809 concerns appellate procedure generally and . . . Rule 809.23(3), *read in context,* concerns only court of appeals decisions") (emphasis in *Brandt*). They assert that GE and Kohn continued

¶ 6. On December 18, 2007, Mercado and Terry jointly filed a complaint against GE alleging violations of the WCA. Their complaint was later amended to add Kohn as a defendant, to incorporate additional WCA and class action claims, and to request that the trial court certify Mercado and Terry as class representatives. In lieu of an answer, GE and Kohn filed motions to dismiss asserting that the plaintiffs failed to state a claim upon which relief could be granted.

¶ 7. The trial court granted GE and Kohn's motions to dismiss the amended complaint, finding that pleading deficiencies under Wis. Stat. § 425.109(1)(h) were the basis for all of Mercado and Terry's claims, and

to enforce the judgments against them, even though GE and Kohn knew the judgments violated the WCA, as evidenced by the answer filed in *Chiarello*, where counsel asserted a violation of Wis. Stat. § 425.109(1)(h) as both an affirmative defense and a counterclaim. In *Chiarello*, the trial court denied GE's initial motion for summary judgment holding that GE failed to comply with the pleading requirements set forth in § 425.109. The trial court allowed GE to file an amended complaint to correct the pleading deficiencies.

*Chiarello* presents a different factual context than this case. Accordingly, we limit our discussion of *Chiarello* to determine if its reasoning or logic is persuasive to the case before us. *See Brandt*, 160 Wis. 2d at 365. Unlike Chiarello, Mercado and Terry did not allege violations of Wis. Stat. § 425.109 as affirmative defenses or counterclaims in the small claims cases filed against them. As explained in the remainder of this opinion, their failure to do so precludes them from attacking the judgments here. Consequently, the trial court's reasoning on the substantive issues in *Chiarello* is not useful here.

Because all of the parties reference various filings and actions taken in the underlying lawsuits filed against Mercado, Terry, and Chiarello, we take judicial notice of the related Wisconsin Circuit Court Access (CCAP) records in those matters. *See* Wis. Stat. § 902.01.

that pursuant to *Rsidue, L.L.C. v. Michaud,* 2006 WI App 164, ¶ 19, 295 Wis. 2d 585, 721 N.W.2d 718, a pleading deficiency cannot form the basis for a substantive claim. The trial court further concluded that Mercado and Terry's claims were barred due to their failure to take action under Wis. Stat. § 806.07 in the underlying small claims actions.[4]

## II. ANALYSIS.

¶ 8. " 'A motion to dismiss a complaint for failure to state a claim tests the legal sufficiency of the complaint,' " a matter we review *de novo. Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 245, 593 N.W.2d 445 (1999) (citation omitted). "A complaint should not be dismissed as legally insufficient unless it appears certain that a plaintiff cannot recover under any circumstances." *Beloit Liquidating Trust v. Grade,* 2004 WI 39, ¶ 17, 270 Wis. 2d 356, 677 N.W.2d 298.

*A. Mercado and Terry cannot collaterally attack the default judgments entered against them.*

■

¶ 9. At the outset, we agree with GE that "[t]his appeal is simple and straightforward. In its essence, this case is nothing more than an attempt by plaintiffs

---

[4] After the trial court dismissed their complaint in this action, Mercado and Terry moved the small claims court to reopen the default judgments against them and for leave to file counterclaims. These motions were denied because: they were not made within the one-year time period set forth in Wis. Stat. § 799.29; the provisions of Wis. Stat. § 425.307 do not override § 799.29; and pursuant to *Rsidue,* a pleading deficiency cannot form the basis for a proposed substantive claim. Mercado and Terry filed separate appeals from the order denying their motions. *See infra* ¶ 15.

Mercado and Terry to do an end run around default judgments previously entered against them in two separate underlying small claims collection actions." (Parenthetical in brief omitted.) In their amended complaint, Mercado and Terry assert six separate claims against GE and Kohn—all of which are based, in one way or another, on the purported failure of GE and Kohn to comply with the pleading requirements set forth in Wis. Stat. § 425.109(1) in the underlying small claims actions.

¶ 10. The trial court based its decision to grant GE and Kohn's motions to dismiss, in part, on its conclusion that Mercado and Terry's claims were barred due to their failure to take action under Wis. Stat. § 806.07 in the underlying small claims actions. Section 806.07 does not apply to small claims cases. The applicable statute is Wis. Stat. § 799.29. *See King v. Moore,* 95 Wis. 2d 686, 689–90, 291 N.W.2d 304 (Ct. App. 1980) (The time set by the small claims statute within which a small claims defendant must make a motion to reopen a default judgment takes precedence over the time limit in § 806.07.).

¶ 11. Although Wis. Stat. § 799.29(1)(a) permits a trial court to reopen default judgments, such motions (other than a default judgment entered in an ordinance violation matter) must be brought "within 12 months after entry of judgment unless venue was improper." Sec. 799.29(1)(c).[5] As GE points out, if Mercado and

---

[5] Wisconsin Stat. § 799.29 provides:

(1) Motion to reopen. (a) There shall be no appeal from default judgments, but the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown.

. . . .

Terry wanted to challenge the small claims judgments against them, "their sole remedy was to move the small claims courts to reopen them," in accordance with § 799.29(1)(a). *See id.* ("There shall be no appeal from default judgments, but the trial court may, by order, reopen default judgments upon notice and motion or petition duly made and good cause shown.").

¶ 12. As noted, after the trial court dismissed their amended complaint in this action, Mercado and Terry then moved the small claims court to reopen the default judgments against them and for leave to file counterclaims. *See supra* ¶ 7 n.4. Those motions were denied in part because they were not made within the one-year time period set forth in WIS. STAT. § 799.29. An appeal regarding whether the trial court properly exercised its discretion in denying their motions to reopen is not presently before us, and Mercado and Terry's roundabout efforts to circumvent that decision here is the essence of a collateral attack.

¶ 13. "A collateral attack on a judgment is 'an attempt to avoid, evade, or deny the force and effect of a judgment in an indirect manner and not in a direct proceeding prescribed by law and instituted for the purpose of vacating, reviewing, or annulling it.'" *Oneida County DSS v. Nicole W.*, 2007 WI 30, ¶ 27, 299 Wis. 2d 637, 728 N.W.2d 652 (citation omitted). "Wisconsin courts have recognized the general disfavor of allowing collateral challenges on the basis that 'they disrupt the finality of prior judgments and thereby tend

(c) . . . [T]he notice of motion must be made within 12 months after entry of judgment unless venue was improper under s. 799.11. The court shall order the reopening of a default judgment in an action where venue was improper upon motion or petition duly made within one year after the entry of judgment.

to undermine confidence in the integrity of our procedures and inevitably delay and impair the orderly administration of justice.' " *Id.*, ¶ 28 (citation omitted).

¶ 14. If Mercado and Terry wanted to challenge the validity of the default judgments entered against them, they were obligated to do so, within the time frame set forth in Wis. Stat. § 799.29, by filing motions to reopen in the actions that resulted in the default judgments, as opposed to commencing a separate lawsuit as they did here. Had Mercado and Terry timely filed a motion to reopen based on an alleged pleading deficiency, assuming a deficiency did in fact exist, in all likelihood, GE would have been able to cure the deficiency by amending its complaint or refiling. *See Rsidue,* 295 Wis. 2d 585, ¶ 19 ("[A]lthough a failure to comply with the pleading requirements under [Wis. Stat.] § 425.109(1) might hinder a creditor's ability to obtain a judgment against a consumer, *see* § 425.109(3), the creditor could typically cure such a pleading deficiency by amending the complaint or re-filing the action."). Their failure to follow the statutory procedure set forth in § 799.29 precludes them from indirectly attacking the judgments now.

¶ 15. In their reply brief, responding to the argument that their sole remedy was to file motions with the small claims court under Wis. Stat. § 799.29, Mercado and Terry assert that Wis. Stat. § 425.307(1) supports their position that they can maintain a separate cause of action for alleged WCA violations.[6] In a footnote, they

---

[6] Wisconsin Stat. § 425.307(1) reads:

Any action brought by a customer to enforce rights pursuant to chs. 421 to 427 shall be commenced within one year after the date of the last violation of chs. 421 to 427, 2 years after consummation of the agreement or one year after last payment, whichever is later,

concede: "[Section] 425.307(1) . . . was not specifically argued before the trial court, however, appellants generally asserted relief under chs. 421 to 427 in their complaint and their brief and specifically the remedies in ch. 425." (Underlining in brief omitted.) They go on to assert:

> In any event, the [§] 425.307(1) . . . argument was fully briefed an[d] argued by the parties in the underlying small claims cases which are before this court in 08–AP-2961 (i.e., Terry's appeal from the order denying her motion to reopen the small claims default judgment entered against her) and 08–AP-2962 (i.e., Mercado's appeal from the order denying her motion to reopen the small claims default judgment entered against her).[7]

(Underlining in brief omitted; parentheticals and footnote added.) Based on their representation that this issue has been preserved in their separate appeals, we decline Mercado and Terry's request that we depart from the general rule that "issues not raised or considered in the trial court will not be considered for the first time on appeal" to address the effect of § 425.307(1) here. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980) (explaining that generally, an appellate court will not review an issue that is raised for the first time on appeal; however, we may make an excep-

---

except with respect to transactions pursuant to open-end credit plans which shall be commenced within 2 years after the date of the last violation; but no action may be commenced more than 6 years after the date of the last violation.

[7] We denied Mercado and Terry's motion to consolidate the instant matter with the appeals filed in the two small claims cases involving them. In our order, however, we explained that upon completion of briefing, "appellants may renew the motion to consolidate if appellants believe that the facts and the legal issues warrant such action." The motion was not renewed.

226

tion to the general rule when the issue presents a question of law and there are no factual issues that need to be resolved), *superseded on other grounds by statute,* Wis. Stat. § 895.52, *as recognized in Wilson v. Waukesha County,* 157 Wis. 2d 790, 460 N.W.2d 830 (Ct. App. 1990).

¶ 16. Based on our conclusion that Mercado and Terry improperly seek to collaterally attack the default judgments entered against them in small claims court, we do not address the validity of the claims set forth in their amended complaint. *See State v. Blalock,* 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[s].").

*B. The default judgments are not void.*

¶ 17. Next, Mercado and Terry argue that the default judgments, which they allege were taken in violation of Wis. Stat. § 425.109(3), "should be declared void, not merely voidable." We disagree.

¶ 18. "As a general rule, a judgment or order is valid—i.e., not void—when the following elements are present: (1) the court has subject matter jurisdiction; (2) the court has personal jurisdiction; and (3) adequate notice has been afforded the affected persons." *State v. Campbell,* 2006 WI 99, ¶ 43, 294 Wis. 2d 100, 718 N.W.2d 649 (footnotes omitted). Pursuant to article VII, section 8 of the Wisconsin Constitution: "[e]xcept as otherwise provided by law, the [trial] court shall have original jurisdiction in all matters civil and criminal within this state." In recognition of the broad nature of subject matter jurisdiction, our supreme court has

stated that in Wisconsin, " 'no [trial] court is without subject matter jurisdiction to entertain actions of any nature whatsoever.' " *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 8, 273 Wis. 2d 76, 681 N.W.2d 190 (citations omitted).

¶ 19. In *Kett v. Community Credit Plan, Inc.*, 222 Wis. 2d 117, 127–28, 586 N.W.2d 68 (Ct. App. 1998), the court explained the distinctions between a judgment that is void and one that is voidable:

> A void judgment is a mere nullity, and any proceedings founded upon it are equally worthless. A void judgment cannot create a right or obligation, as it is not binding on anyone. A voidable judgment, on the other hand, has the same effect and force as a valid judgment until it has been set aside. Thus, a voidable judgment protects actions taken under it before it is reversed.

(Citations omitted.) *See also Kohler Co. v. DILHR*, 81 Wis. 2d 11, 25, 259 N.W.2d 695 (1977) ("[V]oid judgments may be attacked collaterally.").

¶ 20. Mercado and Terry do not dispute that the trial court had personal jurisdiction over them or that they received adequate notice—instead, they focus exclusively on subject matter jurisdiction.[8] In doing so, they acknowledge *Mikrut*'s holding that "a [trial] court is never without subject matter jurisdiction," *id.*, 273 Wis. 2d 76, ¶ 1, but assert that we should recognize "an exception to the rule" set forth in *Mikrut* similar to that recognized in *Kett*. Specifically, they request that we

_____

[8] While they dispute whether the pleadings were statutorily sufficient so as to afford them notice of the amounts allegedly owed, they do not deny that they received notice of the suits themselves. It is notice of the action that is required for purposes of securing a valid judgment. *See Wengerd v. Rinehart*, 114 Wis. 2d 575, 587, 338 N.W.2d 861 (Ct. App. 1983); *see generally* RESTATEMENT (SECOND) OF JUDGMENTS § 2 (1982).

"declare that a judgment taken in violation of [WIS. STAT. §] 425.109(3) . . . is void, not merely voidable."[9] (Underlining in brief omitted.)

¶ 21. In *Kett*, consumers brought suit alleging violations of the WCA after their automobiles were repossessed by a car loan credit company. *Id.*, 222 Wis. 2d at 121. The basis for the consumers' claims was that venue was not proper in the county where the credit company had commenced its replevin actions. *Id.* After explaining that "generally, a defect in venue is not jurisdictional and does not affect the validity of a judgment," the court went on to note that the legislature had made an exception to that rule in those situations arising out of a consumer credit transaction, concluding that a venue defect in such a situation "deprives the court of authority to act and thus renders any judgment void for lack of jurisdiction." *Id.* at 129. The *Kett* court concluded that the failure to have proper venue rendered the judgments void in accordance with WIS. STAT. § 421.401(2)(b), which plainly stated: "[i]f the action arises out of a consumer credit transaction, the court *shall* dismiss the action for *lack of jurisdiction.*" *Kett*, 222 Wis. 2d at 129 (emphasis in *Kett*).

¶ 22. *Kett* is distinguishable. Unlike the venue statute at issue there, *see* WIS. STAT. § 421.401(2)(b) ("If the action arises out of a consumer credit transaction, the court shall dismiss the action for *lack of jurisdiction.*") (emphasis added), here the legislature did not limit the court's jurisdiction under WIS. STAT. § 425.109(3), *see id.* ("A judgment may not be entered upon a complaint which fails to comply with this

---

[9] We note that it has not been determined that the default judgments were taken in violation of WIS. STAT. § 425.109(3), as to date, no violation of § 425.109(1) has been established.

229

section."). We agree with Kohn that "[i]n the absence of such a clear statement of the legislature's intention, [*Kett*'s] limitation of jurisdiction cannot be expanded to apply to Wis. STAT. § 425.109(3) . . . ."

¶ 23. We further agree with Kohn that even in the cases cited by Mercado and Terry where timely motions were made based on pleading deficiencies, there is no suggestion that the trial courts lacked jurisdiction due to the failure to comply with Wis. STAT. § 425.109(1). *See Bank One, NA v. Ofojebe*, 2005 WI App 151, ¶ 11, 284 Wis. 2d 510, 702 N.W.2d 456; *Household Fin. Corp. v. Kohl*, 173 Wis. 2d 798, 802–03, 496 N.W.2d 708 (Ct. App. 1993). Consequently, we decline Mercado and Terry's invitation to carve out an exception to *Mikrut. See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997) (court of appeals may not overrule, modify or withdraw language from a previously published decision).

¶ 24. We conclude that even if there was a failure to comply with the pleading requirements of Wis. STAT. § 425.109—an issue we do not decide—such a failure cannot deprive the small claims court of subject matter jurisdiction and cannot render the default judgments void. *See Mikrut*, 273 Wis. 2d 76, ¶ 14 (" 'If a court has the power, i.e., subject matter jurisdiction, to entertain a particular type of action, its judgment is not void even though entertaining it was erroneous and contrary to the statute.' ") (citation omitted); *Wisconsin Pub. Serv. Corp. v. Krist*, 104 Wis. 2d 381, 390, 311 N.W.2d 624 (1981) ("[E]rrors of the court do not generally render a judgment void so long as the court which renders the judgment has jurisdiction of the person of the defendant as well as of the subject matter."). Here, given that the small claims court had subject matter and personal jurisdiction and notice was adequate, the default judgments entered against Mercado and Terry remain valid

until they are set aside. *See Kett*, 222 Wis. 2d at 128 ("A voidable judgment . . . has the same effect and force as a valid judgment until it has been set aside."); *see also Hollingsworth v. American Fin. Corp.*, 86 Wis. 2d 172, 184, 271 N.W.2d 872 (1978) (explaining that while default judgments are not favored, "countervailing factors of public policy which favor finality of judgments and discourage litigation delay" justify their use). As a result, we affirm the dismissal of their amended complaint.

*By the Court.*—Judgment affirmed.