PER CURIAM.
¶1 Timothy Rabitoy was severely injured when a truck rolled off a car hoist while he and his friend, Richard Klobucher, were attempting to repair the truck's transmission. Rabitoy appeals a summary judgment dismissing his claims against the owner of the hoist, Robert Billington (Billington), and Billington's business, Billington Contracting, Inc. (Billington Contracting). The issues on appeal are: (1) for purposes of Rabitoy's claim under the Safe Place Act, whether the hoist constituted an unsafe condition associated with Billington's property-and, if so, whether Billington had notice of this fact; and (2) for purposes of Rabitoy's other claims against Billington or Billington Contracting, whether Klobucher's use of the hoist was within the scope of his employment with either of them.[1] We affirm.
BACKGROUND
¶2 The following facts are undisputed for purposes of summary judgment. During all relevant times, Billington was the sole owner of real property located in South Range, Wisconsin ("the property"). Billington used the property to store equipment owned by Billington Contracting, a Minnesota corporation in the business of dredging, as well as crushing and hauling gravel. Billington was a fifty percent owner of Billington Contracting.
¶3 In 2006, Billington purchased a "used" vehicle hoist. The purpose of the hoist was to raise and lower vehicles. Billington installed the hoist in a building located on the property.
¶4 Sometime in 2010 or 2012, Billington allowed Klobucher to move into a residence on the property. Billington did so because he learned that Klobucher-whom he knew through a business contact-had fallen on hard times and was sleeping in his vehicle. Billington did not charge Klobucher rent, and he also paid Klobucher's electric and cell phone bills.
¶5 In return, Klobucher acted as a "watchman" on the property. He also performed odd jobs for Billington, such as mowing the property's grass. Further, Klobucher-an auto mechanic by trade-at Billington's request, repaired vehicles owned by Billington and Billington Contracting located on the property. However, Billington expressly prohibited Klobucher from using the property to do any repair work on third-parties' vehicles. Despite this prohibition, in October 2013, Klobucher allowed Rabitoy to bring a truck onto the property for repairs. Klobucher decided to do so "because I've known [Rabitoy] so long and so well."
¶6 To perform the repair work, Klobucher used the hoist to lift the truck. Klobucher and Rabitoy then went underneath the truck and began an inspection of the truck's undercarriage. Shortly thereafter, the truck rolled off the front of the lift and pinned Rabitoy to the floor, causing him severe injuries.
¶7 Rabitoy subsequently brought this action against Klobucher, Billington, and Billington Contracting. As relevant to this appeal, he asserted claims of vicarious liability and negligent hiring, training and supervision against both Billington and Billington Contracting. He also asserted a Safe Place Act claim against Billington.[2]
¶8 Billington and Billington Contracting moved for summary judgment. Following a hearing, the circuit court issued an order granting summary judgment and dismissing Billington and Billington Contracting from the case. Rabitoy now appeals. Additional relevant facts are included below.
STANDARD OF REVIEW
¶9 We review a grant of summary judgment de novo. Tews v. NHI, LLC , 2010 WI 137, ¶40, 330 Wis. 2d 389, 793 N.W.2d 860. The summary judgment methodology is well established. Id. , ¶41. We first examine the pleadings to determine whether claims for which relief may be granted have been stated. Id. If so, we examine the moving party's submissions to determine whether it has made a prima facie case for summary judgment. Id. If a prima facie case for summary judgment exists, we examine the opposing party's affidavits and other proof to determine whether summary judgment is appropriate. Id.
¶10 Summary judgment must be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2017-18).[3] A factual issue is genuine, for purposes of summary judgment, if a reasonable jury could find in favor of the nonmoving party on that issue. Central Corp. v. Research Prods. Corp. , 2004 WI 76, ¶19, 272 Wis. 2d 561, 681 N.W.2d 178. A fact is material when it would influence the outcome of the controversy. Id.
¶11 The purpose of the summary judgment procedure is to avoid trials when there is nothing to try. Tews , 330 Wis. 2d 389, ¶42. In reviewing the parties' submissions, we draw all reasonable inferences in the light most favorable to the party against whom summary judgment was granted. See Pum v. Wisconsin Physicians Serv. Ins. Corp. , 2007 WI App 10, ¶6, 298 Wis. 2d 497, 727 N.W.2d 346 (2006). Whether an inference is reasonable and whether more than one inference may be drawn are questions of law we decide de novo. See id.
DISCUSSION
I. Safe Place Act claim
¶12 On appeal, Rabitoy first contends that the circuit court erred in dismissing on summary judgment his Safe Place Act claim against Billington. The court concluded Rabitoy's safe place claim failed because "the undisputed facts establish that the building within which [Rabitoy] was allegedly injured did not constitute 'a place of employment' or a 'public building[.]' "
¶13 We conclude the circuit court properly granted Billington summary judgment on Rabitoy's safe place claim, albeit for a different reason. See Mercado v. GE Money Bank , 2009 WI App 73, ¶2, 318 Wis. 2d 216, 768 N.W.2d 53 (appellate court may affirm on different grounds). Specifically, we assume without deciding that Billington's building in which Rabitoy was injured was a place of employment, but we conclude that Rabitoy failed to introduce evidence that created a genuine issue of material fact as to whether a violation of the safe place statute occurred.
¶14 Wisconsin's safe place statute requires that every employer shall "furnish a place of employment which shall be safe for employees therein and for frequenters thereof[.]" WIS. STAT. § 101.11. This statute imposes a more stringent duty of care than the ordinary care otherwise applicable to one's conduct. Hofflander v. St. Catherine's Hosp., Inc. , 2003 WI 77, ¶87, 262 Wis. 2d 539, 664 N.W.2d 545. Nevertheless, it does not render an employer an insurer, nor does it create a duty that is breached simply because an employer's premises could be made safer. Id.
¶15 An employer may be held liable under the safe place statute for injuries caused by three types of hazardous conditions in a qualifying property: (1) structural defects; (2) unsafe conditions associated with a structure; or (3) unsafe conditions unassociated with a structure. Powell v. Milwaukee Area Tech. Coll. Dist. Bd. , 225 Wis. 2d 794, 811, 594 N.W.2d 403 (Ct. App. 1999). Under the safe place statute, the duty of an employer is broader than that of an owner of a public building, as the latter cannot be held liable for an unsafe condition unassociated with a structure. See Barry v. Employers Mut. Cas. Co. , 2001 WI 101, ¶21 n.4, 245 Wis. 2d 560, 630 N.W.2d 517. Here, we need not decide whether Billington owed Rabitoy the broader duty of an employer or the narrower duty of an owner of a public building. In either case, we conclude Billington was entitled to summary judgment on Rabitoy's safe place claim.
¶16 In his amended complaint, Rabitoy alleged that Billington violated the safe place statute by "allowing an unsafe condition on his property." To succeed on such a claim, a plaintiff must prove that: (1) there was an unsafe condition; (2) the unsafe condition caused injury; and (3) the owner of the structure had either actual or constructive notice of the unsafe condition prior to the injury. Hofflander , 262 Wis. 2d 539, ¶89. Our supreme court has explained that the requirement that a plaintiff show an unsafe condition is necessary for a viable safe place claim because the statute does not provide relief for "simply negligent acts." Megal v. Green Bay Area Visitor & Convention Bureau, Inc. , 2004 WI 98, ¶23, 274 Wis. 2d 162, 682 N.W.2d 857.
¶17 Here, Rabitoy failed to introduce any evidence establishing the existence of an unsafe condition-much less an unsafe condition that caused his injuries. Rather, his submissions made clear that his safe place claim arose exclusively from allegedly negligent acts by Klobucher. In opposing Billington's motion for summary judgment, Rabitoy argued that "Klobucher failed to adequately secure the vehicle on top of the car lift with the available blocking else it would not have fallen off of the hoist. Additionally, Klobucher failed to allow the guards to fully extend." Both of those arguments relate to Klobucher's potentially negligent acts. They do not relate to unsafe conditions on the premises, and therefore do not fall within the ambit of the safe place statute and Billington's or Billington Contracting's potential liability under the statute.
¶18 In his reply brief on appeal, Rabitoy argues there is a disputed issue of material fact as to whether the hoist was an unsafe condition because the hoist "may have failed." In support, he asserts a jury could have concluded that the hoist was in disrepair or defective because: (1) Billington purchased the hoist in a "used" condition and testified in his deposition that he never "put a nickel or a dime into it"; and (2) Klobucher testified in his deposition that the "flaps" on the hoist-which are intended to keep a vehicle in place-only extended upward two, rather than the normal three, inches when Rabitoy's truck was lifted.
¶19 We need not address arguments raised for the first time in a party's reply brief. A.O. Smith Corp. v. Allstate Ins. Cos. , 222 Wis. 2d 475, 492-93, 588 N.W.2d 285 (Ct. App. 1998). Nonetheless, we reject Rabitoy's argument on its merits, as his assertion that the hoist "may have failed" is purely speculative. Speculation is insufficient to create a genuine issue of material fact on summary judgment. North Highland Inc. v. Jefferson Mach. & Tool Inc. , 2017 WI 75, ¶34, 377 Wis. 2d 496, 512, 898 N.W.2d 741. In other words, a "party opposing a summary judgment motion must set forth 'specific facts,' evidentiary in nature and admissible in form, showing that a genuine issue exists for trial." Helland v. Kurtis A. Froedtert Mem'l Lutheran Hosp. , 229 Wis. 2d 751, 756, 601 N.W.2d 318 (Ct. App. 1999) (citation omitted). Rabitoy failed to set forth any such specific facts.
¶20 Moreover, even if we were to assume that the hoist did, in fact, constitute an unsafe condition, Rabitoy failed to introduce any evidence showing that Billington had notice of that unsafe condition. Again, in order to be held liable under the safe place statute, a defendant must have actual or constructive notice that an unsafe condition or defect exists. Kochanski v. Speedway SuperAmerica, LLC , 2014 WI 72, ¶32, 356 Wis. 2d 1, 850 N.W.2d 160.
¶21 Rabitoy argues that Billington had constructive notice that the hoist constituted an unsafe condition because the safe place statute "imposes a duty on employers to inspect premises to ensure they are safe." Further, he contends that because Billington has "not pointed to anything in the record that says [he] performed an adequate inspection" of the hoist, constructive notice can be inferred.
¶22 Rabitoy's argument is flawed for two reasons. First, he again impermissibly relies on speculation in an attempt to create a genuine issue of material fact. "Speculation as to how long the unsafe condition existed and what reasonable inspection would entail [is] insufficient to establish constructive notice." Kochanski , 356 Wis. 2d 1, ¶36. Second, and relatedly, Rabitoy ignores the fact that, as the plaintiff, it was his burden to make a sufficient prima facie showing regarding the existence of all the elements essential to his safe place claim-including the element of actual or constructive notice-not Billington's burden to disprove those elements. See id. , ¶39. Again, Rabitoy failed to do so.
¶23 In sum, although we rely on different grounds than the circuit court, we conclude the court did not err in dismissing Rabitoy's safe place claim on summary judgment. Rabitoy failed to meet his burden to establish a genuine issue of material fact regarding the elements necessary to support his claim.
II. Remaining claims
¶24 The circuit court also dismissed on summary judgment Rabitoy's vicarious liability and negligent hiring, training and supervision claims. The court concluded these claims failed because no employee-employer relationship existed between Klobucher and either Billington or Billington Contracting. Further, the court concluded that "even if an employee-employer relationship did exist ... the undisputed facts establish that ... Klobucher would have exceeded the scope of any such employment relationship." We adopt the court's alternative grounds for granting summary judgment-that is, even assuming an employee-employer relationship between Klobucher and Billington or Billington Contracting, Klobucher's work on Rabitoy's truck plainly fell outside the scope of any such employment.[4]
¶25 Under the doctrine of respondeat superior, an employee's actions are imputed to his or her principal when the employee is acting within the scope of his or her employment. See James Cape & Sons Co. ex rel. Polsky v. Streu Constr. Co. , 2009 WI App 144, ¶10, 321 Wis. 2d 522, 775 N.W.2d 277. An employee's conduct falls within the scope of his or her employment when the employee is "actuated by an intent to carry out his [or her] employment and to serve his [or her] master." Korntved v. Advanced Healthcare, S.C. , 2005 WI App 197, ¶11, 286 Wis. 2d 499, 704 N.W.2d 597 (citation omitted). Conversely, an employee's conduct falls outside the scope of his or her employment when he or she "step[s] aside from the business of his [or her] principal to accomplish an independent purpose of his [or her] own." Id. Stated differently, an employee's conduct falls outside the scope of his or her employment when he or she is "motivated entirely by the employee's own purpose[.]" Olson v. Connerly , 156 Wis. 2d 488, 500, 457 N.W.2d 479 (1990). Accordingly, much of the analysis of whether an employee acts within the scope of employment focuses on the employee's intent at the time of his or her actions. Korntved , 286 Wis. 2d 499, ¶12.
¶26 Rabitoy argues that the circuit court erred in concluding that Klobucher's actions were outside of the scope of his employment because "intent is not appropriate for determination on summary judgment." We are not persuaded, as Rabitoy's argument rests on an incomplete view of the law regarding intent and summary judgment. As we explained in Korntved :
Although we have noted that whether an employee acts within the scope of his or her employment is generally a fact issue to be decided by a jury[,] and question[s] of intent can rarely be resolved by the court as a matter of law[,] "generally" and "rarely" do not mean "always" and "never." When there is no genuine issue of material fact, even if the concern is whether an employee was acting within the scope of her [or his] employment, summary judgment may be proper.
Id. (citations omitted).
¶27 Here, there is no genuine issue of material fact as to whether Klobucher was acting within the scope of his putative employment when he performed repair work on Rabitoy's truck. Both Billington and Klobucher gave uncontradicted deposition testimony that Billington had prohibited Klobucher from performing any repair work on third-parties' vehicles. Further, Klobucher testified that he only assisted Rabitoy as a personal favor, and he did so without Billington's knowledge. In addition, there was no evidence that either Billington or Billington Contracting was ever involved in a third-party vehicle repair business, nor was there any evidence that Billington or Billington Contracting stood to benefit in any way from Klobucher's work on Rabitoy's truck.
¶28 On this record, the only reasonable inference that could be made is that Klobucher's actions were motivated entirely by his own purpose, and we therefore conclude his actions fell outside the scope of his putative employment. We affirm the circuit court's grant of summary judgment regarding Rabitoy's vicarious liability and negligent hiring, training and supervision claims.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

We note that Billington and Billington Contracting argue that Klobucher was a tenant, not an employee, and that we therefore need not determine whether Klobucher's actions were within the scope of his employment. However, for reasons explained below, we assume, without deciding, for purposes of this appeal that Klobucher was an employee of either Billington or Billington Contracting.

Rabitoy also brought a common-law negligence claim against Klobucher. That claim is not at issue on appeal, and we will not discuss it further.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The circuit court concluded that because Klobucher's actions fell outside the scope of his employment, both Rabitoy's vicarious liability and negligent hiring, training and supervision claims failed. In his brief-in-chief, Rabitoy did not challenge this conclusion. However, in his reply brief he makes a conclusory, one-sentence argument that "scope of employment is an indispensable element of a claim for vicarious liability, but ... it is not dispositive to a claim for negligent training, or supervision." As indicated above, we need not address arguments raised for the first time in a party's reply brief. A.O. Smith Corp. v. Allstate Ins. Cos. , 222 Wis. 2d 475, 492-93, 588 N.W.2d 285 (Ct. App. 1998). In addition, we need not address arguments inadequately briefed, see State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992), and we will not abandon our neutrality to develop an argument for a party. See Industrial Risk Insurers v. American Eng'g Testing, Inc. , 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Consequently, we view the dispositive issue here as whether Klobucher's conduct fell within the scope of his putative employment.