COURT OF APPEALS
DECISION
DATED AND FILED

June 15, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1501**

STATE OF WISCONSIN

Cir. Ct. No.  2018FA681

IN COURT OF APPEALS
DISTRICT I

---

IN RE THE MARRIAGE OF:

CLAYTON LENNON DANIEL SIMS,

    PETITIONER-APPELLANT,

  V.

ESTHER SIMS, N/K/A JOHNSON,

    RESPONDENT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Milwaukee County:  MICHAEL J. DWYER, Judge.  *Affirmed.*

Before Brash, P.J., Donald and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Clayton Lennon Daniel Sims appeals the judgment of divorce awarding sole custody and primary placement of the child he shares with Esther Johnson to Johnson.  As framed by Sims, the sole issue on appeal is whether Sims successfully completed a certified batterer's intervention program that would satisfy the requirements of WIS. STAT. § 767.41(2)(d)1.a. (2019-20).[1] We affirm on a different basis:   the circuit court's remarks reflect that the presumption against joint or sole custody was not rebutted by a preponderance of evidence that it was in the best interest of the child for Sims to be awarded joint or sole legal custody, pursuant to § 767.41(2)(d)1.b.  *See* *Mercado v. GE Money Bank*, 2009 WI App 73, ¶2, 318 Wis. 2d 216, 768 N.W.2d 53 (explaining that this court can affirm a circuit court's decision on other grounds).  As such, the circuit court properly exercised its discretion when it awarded custody of the child to Johnson.

## I. BACKGROUND

¶2     We narrow our presentation of the background information in this case to only that which is relevant to the issue on appeal.  In determining custody, the circuit court concluded that Sims engaged in domestic abuse, which resulted in a rebuttable presumption that an award of joint or sole legal custody to him would be detrimental to the parties' child and contrary to the child's best interests.  *See* WIS. STAT. § 767.41(2)(d).

¶3     In its detailed oral ruling, the circuit court addressed the numerous applicable factors and set forth its findings before concluding that Sims failed to

---

[1]  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

rebut the presumption. This appeal follows. Additional background information relevant to this court's analysis is provided below.

## II. ANALYSIS

¶4 "WISCONSIN STAT. § 767.41(2) sets forth factors the court may consider in determining the best interest of the children for a joint or sole custody award." *Glidewell v. Glidewell*, 2015 WI App 64, ¶15, 364 Wis. 2d 588, 869 N.W.2d 796 (footnoted omitted). As relevant here, subsection (2)(d) provides:

> (d) 1. … [I]f the court finds by a preponderance of the evidence that a party has engaged in a pattern or serious incident of interspousal battery … or domestic abuse … there is a rebuttable presumption that it is detrimental to the child and contrary to the best interest of the child to award joint or sole legal custody to that party. The presumption under this subdivision may be rebutted only by a preponderance of evidence of *all of the following*:
>
> a. The party who committed the battery or abuse has successfully completed treatment for batterers provided through a certified treatment program or by a certified treatment provider and is not abusing alcohol or any other drug.
>
> b. It is in the best interest of the child for the party who committed the battery or abuse to be awarded joint or sole legal custody based on a consideration of the factors under sub. (5) (am).

Sec. 767.41(2)(d)1.a.-b. (emphasis added).

¶5 WISCONSIN STAT. § 767.41(5)(am) provides factors that the circuit court "shall consider" in determining custody and physical placement:

> 1. The wishes of the child's parent or parents….
>
> 2. The wishes of the child….
>
> 3. The interaction and interrelationship of the child with his or her parent or parents….

4. The amount and quality of time that each parent has spent with the child in the past, any necessary changes to the parents' custodial roles and any reasonable life-style changes that a parent proposes to make to be able to spend time with the child in the future.

5. The child's adjustment to the home, school, religion and community.

6. The age of the child and the child's developmental and educational needs at different ages.

7. Whether the mental or physical health of a party, minor child, or other person living in a proposed custodial household negatively affects the child's intellectual, physical, or emotional well-being.

8. The need for regularly occurring and meaningful periods of physical placement to provide predictability and stability for the child.

9. The availability of public or private child care services.

10. The cooperation and communication between the parties and whether either party unreasonably refuses to cooperate or communicate with the other party.

11. Whether each party can support the other party's relationship with the child, including encouraging and facilitating frequent and continuing contact with the child, or whether one party is likely to unreasonably interfere with the child's continuing relationship with the other party.

12. Whether there is evidence that a party engaged in abuse … of the child….

12m. Whether any of the following has a criminal record and whether there is evidence that any of the following has engaged in abuse … of the child or any other child or neglected the child or any other child:

a. A person with whom a parent of the child has a dating relationship….

b. A person who resides, has resided, or will reside regularly or intermittently in a proposed custodial household.

13. Whether there is evidence of interspousal battery … or domestic abuse….

14. Whether either party has or had a significant problem with alcohol or drug abuse.

15. The reports of appropriate professionals if admitted into evidence.

16. Such other factors as the court may in each individual case determine to be relevant.

¶6      Child custody and placement determinations are committed to the sound discretion of the circuit court. *Gould v. Gould*, 116 Wis. 2d 493, 497, 342 N.W.2d 426 (1984). We will sustain a discretionary decision "if the [circuit] court examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Liddle v. Liddle*, 140 Wis. 2d 132, 136, 410 N.W.2d 196 (Ct. App. 1987). We will affirm the circuit court's findings of fact unless they are clearly erroneous, *see* WIS. STAT. § 805.17(2), but we independently review any questions of law. *See Clark v. Mudge*, 229 Wis. 2d 44, 50, 599 N.W.2d 67 (Ct. App. 1999). "Our task as the reviewing court is to search the record for reasons to sustain the [circuit] court's exercise of discretion." *Hughes v. Hughes*, 223 Wis. 2d 111, 120, 588 N.W.2d 346 (Ct. App. 1998).

¶7      Even if this court sets aside the circuit court's ruling on whether Sims completed a certified program as required by the statute, we conclude that the circuit court properly exercised its discretion when it awarded sole custody to Johnson because it is clear from the circuit court's remarks that the presumption against joint or sole custody was not rebutted by a preponderance of evidence that it was in the best interest of the child for Sims to be awarded joint or sole legal custody. *See* WIS. STAT. § 767.41(2)(d)1.b. The circuit court went to great

5

lengths to detail its consideration of the factors under § 767.41(5)(am) and its findings that, by and large, those factors did not favor Sims.

¶8      At the outset of its ruling, the circuit court stated "[I] believe that the controlling factor in this case is a pattern of domestic abuse perpetrated by [Sims] really in the form not so much of physical violence, but in the—in the place of psychological and emotional manipulation and control."[2]  The circuit court then went on to explain the applicable law.

¶9      From there, the circuit court detailed:  "In this case the evidence shows that in addition to the physical violence that had occurred, [Sims] has engaged in repeated acts of psychological manipulation.  He has misused the child to attempt to get what he wants and to control [Johnson]."  The circuit court spent time dissecting a custody study that was prepared and noted that the author's analysis of the relationships was that Johnson was the primary caregiver for the child and the author "observed solid bonding with the child."  The circuit court relayed that while the study additionally recognized that Sims assumed full-time caregiving responsibilities when Johnson made the "profoundly harmful" decision to move to Las Vegas, the author nevertheless "believe[d] that [Sims] has been willing to compromise the child's well-being in order to have his way, to prove his opinion that [Johnson] is an unfit mother."

---

[2] The trial transcripts on which the circuit court relied when making its rulings are not included in the record on appeal.  It was Sims's responsibility to ensure the record is complete, and we assume the missing material supports the result below.  *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993) (explaining that "when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling").

¶10     The circuit court addressed the relationship between the parties and highlighted incidents and exhibits demonstrating that Sims had issues controlling his emotions.  Next, the circuit court explained that "[t]here are a number of physical incidents that are undisputed….  He hit [Johnson] in the face once while driving; grabbed her clothes and shook her; punched and destroyed a TV …; and he broke a trash can."

¶11     The circuit court addressed a report by Sims of sexualized behavior by the child, noting "it's plain to me that he was more motivated by his bitterness and anger at the loss of his marriage, at the—the fast relationship that [Johnson] engaged in, and—but it's quite clear that he was looking to gain an advantage in the custody case; I don't think you can escape that."  The circuit court then addressed Sims's "telltale" signs of manipulation.

¶12     The circuit court additionally acknowledged the concerns that it had about choices Johnson had made.  When it addressed the wishes of the child, *see* WIS. STAT. § 767.41(5)(am)2., the circuit court found:

> By now we know that the child's wishes have been tainted, and tragically she told the therapist that she wanted to live with her friends, she didn't want to live with either of her parents….  Back at the time of the custody study when Ms.—when [Johnson]'s relationship with the child was more fresh and durable she wanted to live with her mom.

The circuit court continued:  "I do find that [Johnson] is more nurturing."

¶13     At one point, the circuit court went so far as to state:  "Now I have to say that I don't believe either of these parents deserves this child to be primarily placed with them….  Both of these parties have done unforgivable things that are harmful to their child in this process."  Although the circuit court noted in passing that if Sims had attended a certified batterer's program, he would be getting

7

primary placement, the circuit court continued, "based upon the statutory requirement I cannot do that and I will not do that. And—so the [court] orders: [Johnson] is going to be awarded sole custody of the child."[3]

¶14 Regardless of whether Sims completed a certified treatment program, it is clear from the circuit court's remarks that the presumption against joint or sole custody was not rebutted by a preponderance of evidence that it was in the best interest of the child for Sims to be awarded joint or sole legal custody. *See* WIS. STAT. § 767.41(2)(d)1.b. Both subparagraphs of (2)(d)—i.e., 1.a. and b.—are required to rebut the presumption. We conclude that the circuit court properly exercised its discretion when it awarded sole custody to Johnson. *See* ***Hughes***, 223 Wis. 2d at 120.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] While the circuit court acknowledged that the batterer's intervention program that Sims attended was certified in Ozaukee and Washington counties, the court, however, went on to describe perceived deficiencies in the trial testimony provided by the counselor:

> He [i.e., the counselor] doesn't get it. He's a substance abuse counselor by background.… [He] had no formal training in domestic violence…. [T]he company that [the counselor] works for specializes in anger management. [He] said that domestic abuse is physical and that in this case the physical abuse was old and outdated and that the power and control concerns are an old way of looking at domestic violence; that's just wrong. That is wrong.