COURT OF APPEALS
DECISION
DATED AND FILED

November 7, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1399**

STATE OF WISCONSIN

Cir. Ct. No. 2022CV636

IN COURT OF APPEALS
DISTRICT I

---

312 EAST WISCONSIN BUILDING, LLC,

PLAINTIFF-APPELLANT,

V.

PROJECT BUILD BEHAVIORAL HEALTH, LLC,

DEFENDANT-RESPONDENT,

BLUE MOUNTAIN CAPITAL MANAGEMENT, LLC AND ASSURED INVESTMENT MANAGEMENT, LLC,

DEFENDANTS.

---

APPEAL from an order of the circuit court for Milwaukee County: HANNAH C. DUGAN, Judge.[1] *Affirmed.*

---

[1] We note that Judge Hannah C. Dugan and Judge Timothy G. Dugan are not related in any way.

Before White, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. 312 East Wisconsin Building, LLC (312 East) appeals from the order dismissing its breach of contract claim against Project Build Behavioral Health LLC (Project Build).[2]  312 East argues that Project Build became responsible for a tenant's obligations under a lease the tenant had with 312 East.   It argues that, under a document entitled "Contribution and Securities Purchase Agreement" (the Contribution Agreement), all of the rights, title, and interest under the lease between 312 East and the tenant—ED Management, LLC (ED Management)—were "contributed" to Project Build.  We conclude that 312 East neither sufficiently pled that the Contribution Agreement imposed the tenant's obligations on Project Build, nor sufficiently pled how Project Build was a tenant by assignment of the lease when the lease had been earlier assigned to another entity.  Accordingly, we affirm.

## BACKGROUND

¶2     312 East is the owner of an office building at 302-314 East Wisconsin Avenue in Milwaukee.  On January 4, 2016, 312 East entered into a lease agreement (the Lease) for a term of 180 months with ED Management for

---

[2] We note that in its complaint 312 East asserted claims against two other entities—Blue Mountain Capital Management, LLC and Assured Investment Management, LLC.  The circuit court dismissed all the claims against those two entities and 312 East does not appeal the order dismissing those claims.  "[A]n issue raised in the trial court, but not raised on appeal, is deemed abandoned." *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).  We consider these claims abandoned and we do not discuss these claims or entities further.

office space in its building located at 312 East Wisconsin Avenue in Milwaukee (the Premises).[3]  The Lease listed 312 East as the "Landlord" and ED Management as the "Tenant."  At the time the Lease was executed, a separate entity, Aloria Health of Milwaukee, LLC (Aloria), operated a clinic in the office space ED Management leased.[4]

¶3      On or about May 9, 2018, ED Management and two other entities, EABS, LLC (EABS) and EABS III, LLC (EABS III), entered into the Contribution Agreement with Project Build.[5]  In its complaint, 312 East alleged that a premise of the Contribution Agreement was that Aloria's operations were to be "contributed" to Project Build because Project Build needed access to real estate in Milwaukee to continue conducting Aloria's operations in Milwaukee.  It then alleged that "[b]ecause Project Build did not have any interest in or rights under [the Lease] prior to the contribution, Project Build needed to obtain authority under [the Lease] to conduct its operations at the Premises."

¶4      312 East further alleged that under the Contribution Agreement, ED Management would "assign all of its rights in the Aloria Trademark and [the Lease] to EABS III[.]"  EABS III would then in turn contribute its "rights, title

_____

[3] The Lease was amended on September 9, 2016, and January 1, 2017.  Both amendments were executed between 312 East and ED Management, and both stated "Except as expressly modified herein, all of the provisions of the Lease are hereby ratified and confirmed and shall remain unmodified and in full force and effect."

[4] We note that 312 East acknowledges that Project Build was not a party to the Lease.  It also acknowledges that ED Management, with the knowledge and consent of 312 East, assigned the Lease to Aloria and became a guarantor of the Lease, and that Project Build was not a party to the assignment.

[5] We note that ED Management, Aloria, EABS, and EABS III, were all managed by the same person, Benjamin Klein.  Additionally, EABS III "owned all of the outstanding equity interests in EABS, and EABS owned all of the outstanding equity interests in Aloria."

and interest in and to [the Lease] to Project Build." The Contribution Agreement provided that EABS III would "contribute to Project Build, subject to and upon receipt of the Required Approval, all of [EABS's] right, title and interest in and to" the Lease.[6]

¶5      The complaint alleged that the assignment of the Lease by ED Management to Aloria was effective on or about September 1, 2018. The document entitled "Assignment and Assumption of Lease and Landlord's Consent" (the Assignment)[7] provided:

> Assignee [Aloria] hereby accepts the assignment of the Lease, including all extensions, renewals and amendments thereto, and Assignee hereby assumes and agrees to perform, observe and fulfill all of the agreements, terms, covenants, conditions and other obligations required to be performed, observed and fulfilled by Assignor [ED Management], as Tenant, under the Lease, as and when performance is due, including the making of all payments due to and payable to Landlord under the Lease as they become due....

The Assignment further states:

> Except as may be expressly set forth herein, this Assignment shall not alter, amend, or modify the Lease, nor shall it constitute or be deemed to be a consent to any subsequent transfer, assignment or subletting by Assignee under the Lease, and any proposed subsequent assignment or subletting by Assignee shall require Landlord's prior written consent.

Additionally, in consideration for the assignment, ED Management executed a guaranty of the Lease to 312 East.

---

[6] We note that Required Approvals includes "consents."

[7] We note that although 312 East's consent as the landlord to the Assignment was unsigned, 312 East acknowledged it consented to the assignment of the Lease.

4

¶6 312 East further alleged in the complaint that Project Build began to use the leased office space at the Premises as a clinic in November 2018. EABS III's contribution of the Lease to Project Build was completed on or about January 29, 2019. It then alleged that by "accepting the contribution of all of the right, title and interest in and to" the Lease "Project Build became the owner of, and responsible for, Aloria's responsibilities and obligations under [the Lease], including the obligations to pay the rent and other amounts due under [the Lease] to 312 East."

¶7 The complaint alleged and, it is undisputed, that Aloria failed to make a timely rent payment to 312 East in June 2019. 312 East provided Aloria with a notice of default on June 17, 2019. It then filed a civil action against Aloria alleging breach of contract and against ED Management alleging breach of guaranty. Although Aloria did not respond to 312 East's complaint, ED Management did, but then later defaulted. The circuit court entered judgment in excess of $20 million against Aloria and ED Management.

¶8 In January 2022, 312 East filed a complaint for breach of the Lease against Project Build. Relevant to this appeal, 312 East alleged that Project Build failed to cure Aloria's default and ED Management failed to fulfill its guaranty obligations.[8] 312 East alleged that Project Build breached the Lease because it was responsible for ED Management's tenant duties and obligations under the Lease as a result of the Contribution Agreement. It also alleged a claim of unjust

---

[8] We note that 312 East acknowledged that the Contribution Agreement contemplated Project Build executing a guaranty with 312 East; however, it concluded in the complaint that a guaranty was not necessary because Project Build was responsible by virtue of the Contribution Agreement.

5

enrichment against Project Build and a claim that Project Build and Aloria were alter egos of each other.

¶9 In March 2022, Project Build moved to dismiss 312 East's complaint, arguing that 312 East failed to state a claim upon which relief may be granted on its claim that Project Build breached the Lease, that Project Build and Aloria were alter egos, and for unjust enrichment. After a hearing in May 2022, the circuit court issued a written decision in July 2022 that dismissed all counts. It is from that decision and order that 312 East now appeals.[9]

## DISCUSSION

¶10 312 East argues that the circuit court erred when it dismissed its claims against Project Build. 312 East argues that in the complaint it pled a plausible claim that Project Build breached the Lease that was contributed in the Contribution Agreement. In contrast, Project Build argues that it does not have an obligation under the Lease because it is not a party to the Lease and the leasehold was not transferred to it. Because we conclude that 312 East has not pled sufficient facts to support its claim for a breach of the Lease by Project Build, we affirm the circuit court's dismissal of its claims.[10]

---

[9] We note that on appeal, 312 East does not pursue its claims of unjust enrichment and alter ego against Project Build. We consider these claims abandoned and we do not discuss them further. *See A.O. Smith Corp.*, 222 Wis. 2d at 491.

[10] We note that the circuit court concluded that the Contribution Agreement could not be considered because it was extrinsic evidence to the "clear and unambiguous" Lease to which Project Build was not a party. Upon review, we conclude that 312 East has failed to plead the necessary facts to assert how the Contribution Agreement imposed tenant obligations under the Lease on Project Build. This court is not constrained to the circuit court's reasoning in affirming its order; instead, we may affirm the circuit court's order on different grounds. *See Mercado v. GE Money Bank*, 2009 WI App 73, ¶2, 318 Wis. 2d 216, 768 N.W.2d 53. As a result, we affirm the circuit court's decision on different grounds.

¶11 "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint to state a claim for which relief may be granted." *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205. "Whether a complaint states a claim upon which relief can be granted is a question of law for our independent review[.]" *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.

¶12 "When reviewing a motion to dismiss, we generally limit the review to the four corners of the complaint." *Pagoudis v. Keidl*, 2023 WI 27, ¶4, 406 Wis. 2d 542, 988 N.W.2d 606. "When testing the legal sufficiency of a claim, all facts alleged in the complaint, as well as all reasonable inferences from those facts, are accepted as true." *Kaloti Enters.*, 283 Wis. 2d 555, ¶11. "It is the sufficiency of the facts alleged that control the determination of whether a claim for relief is properly plead." *Strid v. Converse*, 111 Wis. 2d 418, 422-23, 331 N.W.2d 350 (1983). "Bare legal conclusions set out in a complaint provide no assistance in warding off a motion to dismiss." *Data Key Partners*, 356 Wis. 2d 665, ¶21.

¶13 "A complaint states a claim for breach of contract when it alleges: (1) a contract between the plaintiff and the defendant that creates obligations flowing from the defendant to the plaintiff; (2) failure of the defendant to do what it undertook to do; and (3) damages." *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶11, 289 Wis. 2d 795, 714 N.W.2d 582. 312 East asserts that the claim was sufficiently pled. First, it contends that the Contribution Agreement transferred ED Management's obligations under the Lease to Project Build, satisfying the contract element. Second, 312 East contends that Project Build failed to pay rent as itself, or as Aloria, satisfying the breach

element. Finally, it contends that it was damaged by the failure to pay rent, satisfying the last element.

¶14    Project Build argues that 312 East's claim fails at the first element—the flow of contractual obligations to Project Build under the Lease. We agree. To understand why, we return to 312 East's allegations in the complaint. The record reflects that 312 East alleged that the Contribution Agreement, dated May 2018, set up conditions by which the Lease would transfer to Project Build. While 312 East alleges that the contribution was "completed" in January 2019, it does not allege that the conditions of completion of the "contribution" listed in the Contribution Agreement were met. Further, 312 East does not allege that it consented to the transfer, as required by the Lease and contemplated in the Contribution Agreement. Therefore, even accepting all facts that were pled in the complaint as true, we conclude that 312 East has failed to plead facts that show that obligations under the Lease flowed to Project Build. *See **Kaloti Enters.***, 283 Wis. 2d 555, ¶11.

¶15    The second issue is that 312 East acknowledged it consented to the assignment of the Lease from ED Management to Aloria in September 2018. When a party accepts the assignment of a lease, as Aloria did in September 2018, the assignee becomes obligated under the lease and liable to the owner for payment of rent. *See **Anthony Gagliano & Co. v. Openfirst, LLC***, 2014 WI 65, ¶50, 355 Wis. 2d 258, 850 N.W.2d 845. Although 312 East alleges that when the Contribution Agreement was completed in January 2019, the Lease transferred from ED Management to EABS III and then to Project Build, 312 East fails to allege facts to support how ED Management could transfer the Lease to Project Build via the Contribution Agreement when it had already assigned the Lease to Aloria in the months prior. Therefore, 312 East's allegations are contradictory.

As a result, it has not properly pled facts that state a claim upon which relief may be granted. *See Strid*, 111 Wis. 2d at 422-23.

¶16    A third issue is that the Contribution Agreement would not create tenancy obligations for Project Build without 312 East's consent.[11]  When a lease prohibits assignment or subtenancy without the landlord's consent, a tenant's attempt to assign or sublease a tenancy without the landlord's consent would breach the tenant's lease and justify the landlord's termination of the lease or other remedy.  *See Anthony Gagliano & Co.*, 355 Wis. 2d 258, ¶65.  The landlord's remedies focus on its tenant; such a situation would not make a "nonparty to the primary lease liable for the primary tenant's breach." *Id.*  Accordingly, 312 East has failed to sufficiently plead facts that show how the obligations under the Lease flowed to Project Build via the Contribution Agreement when 312 East never consented to the contribution.[12]  Therefore, we conclude that 312 East has failed to state a claim for breach of contract because it has not alleged facts that show the first element of breach of contract, namely that Project Build has a contract obligation owed to 312 East under the Lease.  *See Brew City Redevelopment Grp., LLC*, 289 Wis. 2d 795, ¶11.

---

[11] Although 312 East asserts that it could accept the transfer without an affirmative consent, it offers no authority for that position and the Lease itself belies the point, stating that "[t]his Lease may be modified only by a written agreement signed by Landlord and Tenant."

[12] At most Project Build was an occupant of the space, similar to Aloria's status when the Lease was originally executed in 2016.  Even if we were to construe that occupancy as a subtenancy, 312 East would still not have a claim against Project Build.  "There is neither privity of estate nor privity of contract between landlord and subtenant." *Anthony Gagliano & Co. v. Openfirst, LLC*, 2014 WI 65, ¶51, 355 Wis. 2d 258, 850 N.W.2d 845.

## CONCLUSION

¶17 For the reasons stated above, we conclude that 312 East has failed to state a claim for breach of contract against Project Build. Accordingly, we affirm the dismissal of its claims without prejudice.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).